Smith, J.
The question in this case briefly stated is this: — 'An action was brought in the court of common pleas of this county for the foreclosure of a mortgage on certain real estate in the city, and to marshal the liens thereon. Before that time, viz: in 1892, the city by an assessing ordinance *335 had levied an assessment upon such property for a street improvement, payable in ten annual installments, and in 1889 had levied another assessment thereon for the improvement of an alley, and which was also payable in ten annual installments, part of which had been paid at the time of the filing of the petition for the foreclosure, viz. Feb, 4th, 1893. After the filing of this petition, the city was made a party defendant, and thereupon came into court and filed answer and cross-petition, set up its claim for the amount due upon the street assessment, viz: $297.95, but said city failed by its answer or cross-petition to set up any claim on •account of the alley assessment. The defendants in error •purchased said real estate at the sale thereof made by the ■sheriff under the decree of the court in said case, which sale was confirmed by the court, and a distribution of the proceeds of sale ordered. The court found that there was due to the city for street assessments, $297.35, and this sum was paid in full to the city. Afterwards, the defendant in •error filed a petition in the court of common pleas, saying that the city by its officers was taking steps to collect the alley assessment, and setting up the facts mentioned, and averring that for said reasons the collection thereof would be illegal,and that the city was estopped from the collection thereof against the property in the hands of the plaintiff, and asking an injunction to prevent said collection, The city filed a general demurrer to this petition, which was overruled by the court, and the defendant not desiring further to plead, a decree was entered, as prayed for. The plaintiff in error in this proceeding claims that in such action the court erred and this is the question for decision.
Under the provisions of sec. 2285, the assessment for the improvement of the alley became a lien on this property from the date of the assessing ordinance, and on the facts set up in the petition in this case, if the city in its answer and cross-petition filed in the original suit, bad set up its *336 claim for the alley assessment also, the court might probably have found it to be a lien on the property (unless contested by the owner on some sufficient ground) and Ordered its payment from the purchase money. ■ It seems clear to us on general principles, that if in an action of that kind, to foreclose a mortgage and marshal and adjudicate as to other liens held by other persons on the same premises, the-holders of such liens are made parties to such proceeding, and are called upon to set up their said liens,- and-they fail or neglect to do so, or by way of answer and cross-petition set up only a part of their claims held-by them at -the time they became parties, and the court adjudicates as to the-rights of such lien-holders, and the property is sold to pay them, and the purchase money distributed according to the order of the court, in such case, if such decree stands in full force, the purchaser of the property takes it free of the claims of all parties to the proceeding, not only of-those asserted and adjudicated, but of those also held by the parties not asserted or adjudicated, and the parties are estopped to setup, as against the purchaser, other claims held-at the time, but not set up by them. This is certainly a fair and equitable doctrine, and almost essential to the protection of purchasers at judicial sales.
I have said that this is the general rule. Does it apply to a case of this kind, where the lien-holder isa municipal corporation and the lien itsellf is for an assessment upon the property ?
The claim of the corporation counsel is, that-it does not. That'in such case the city is not a necessary or" proper party, and if made a party, is not bound to assert its claim, and if it does not do so, or if it does-file an answer and cross-petition, and by mistake or otherwise; fails to set up its whole claim, and the liens are adjudicated as in this case, and the property sold, that the lien omitted to be set up remains upon thé property, and can be asserted at any *337 lime. That in this respect such a lien for an assessment is like that of the state for taxes, and that in cases to sell property or marshal liens, the state or its representatives, is never made a party.
The question is a novel one, and as to which the members of the court are not agreed. So far as our knowledge goes, the point has never been raised in practice. It has always, we think, been the practice in such cases, to make the municipal corporation a party, and for it to set up and assert its lien, and a majority of the court is of the opinion that such is the proper practice, and that it ought to be furthered, or at least, that if the corporation is made a party, and fails to set up its lien or claim, or does it incorrectly, and it is adjudicated, that the same rule should apply to a municipal corporation as to an individual or private corporation. That the same rule does not apply to an assessment made by a municipal corporation as it does to the lien of the state for taxes. The latter is the sovereign power. It is not liable to a suit unless in the cases specifically provided for by the statute. It is not affected by suits or adjudications to which it is not a party. The lien for taxes is the first and best lien, and must be paid, and for the protection of purchasers at judicial sales, Sec. 2854 JRev. Stat. provides that in all judicial sales, .the court, without pleadings, of any kind raising the question, “shall order the taxes and penalties, and the interest thereon against said lands, to be discharged out of the proceeds of such sale.” This renders'it wholly unnecessary for the question to be raised by any pleadings. But we have never understood that this provision applied also to assessments made by municipal corporations. The state, as a sovereign power, in many respects stands on a very different footing from private persons or corporations, or even municipal corporations. For instance, as to the bar of the statute of limitations. The maxim “nullum tempus oecurrit *338 regí” applies to the state, but not to municipal corporations, as held by our Supreme Court, and if a person is permitted by a statute to sue the state, it would be as much bound by the adjudication of the court, as an individual, and we suppose the same principles of estoppel would apply in such case.
Fred Hertenstein and W. H. Whittaker, for city.
J. H. Chas Smith, for Lingo.
A majority of the court then is of the opinion that the petition of the plaintiff stated a good cause of action against the city, the defendant. That such defendant,by reason of the proceedings in and the judgment of the court in the case mentioned, was estopped from the enforcement of this alley assessment as against the land of the plaintiffs below who pucrhased at the judicial sale made under the order of the court in that case, and therefore that the demurrer to the petition was properly overruled, and the judgment will be affirmed.
Swing, J.
I do not agree with the majority of the court as to the questions here determined. It seems to me that the city was not a necessary or proper party, and that the question of its lien was not before the court for any determination. The lien of the city had been fixed by the assessing ordinance, and unless directly set aside by a court in a direct proceeding, could not be relieved by payment. The mistake of any officer, in saying what the amount of the assessment was, cannot bind the city, and there does not arise in this case an estoppel.