LAWRENCE COUNTY v. STEWART.

Opinion delivered June 11, 1904.

1. WAIVER—WHEN BINDING.—As a general rule, a waiver, to be binding, must either operate by way of estoppel or be supported by a valuable consideration. (Page 529.)

2. BUILDING—DELAY IN COMPLETION—LIQUIDATED DAMAGES.—The fact that a county made a partial payment of the amount due to contractors for building a courthouse after the time specified in the contract for completion of the building, although the building was still incomplete, was not inconsistent with the claim of the county for damages on account of delay in completing the building, if the county still retained enough of the consideration to cover the damages claimed by it on that account. (Page 529.)

3. SAME—WHEN DAMAGES NOT WAIVED.—The facts that the county authorized the circuit clerk to use an office in an uncompleted courthouse, and allowed the circuit court to use the building before it was accepted, were *not inconsistent with a claim by the county for damages on account of delay in its completion.* (Page 529.)

Appeal from Lawrence Circuit Court.

FREDERICK D. FULKERSON, Judge.

Reversed.

### STATEMENT BY THE COURT.

The county court of Lawrence county in January, 1900, appointed three commissioners to contract for and superintend the erection of a courthouse for the Eastern district of that county. These commissioners on the 9th day of June, 1900, made a contract with T. B. & W. R. Stewart, partners doing business under the firm name of Stewart Brothers, whereby Stewart Brothers agreed to construct the courthouse according to plans and specifications furnished by Chas. L. Thompson, the architect, and to complete the building on or before the 1st day of January, 1901. The county agreed to pay the contractors for this work $15,552 in county warrants. This amount was, under the contract, to be paid in monthly installments as the work progressed, in proportion to the amount of materials furnished and work performed as shown by certificate of the architect. But the contract provided that 10 per cent. of the whole amount should be retained until the work was fully completed and accepted. It also contained this provision: "It is further agreed that the said contractors shall forfeit as liquidated damages to the said owner $10 per diem for each and every day the said building be and remain incomplete and unfinished from and after the date hereinafter mentioned, towit: the 1st day of January, 1901."

The contractors failed to complete the building until about two months after the day named in the contract.

The county court in January, 1901, made a payment on the work after the expiration of the time in which the building was to be completed. About the 2d day of February following the contractor, at the request of the county judge, finished a room

in the building to be used as an office by the circuit clerk, and the clerk moved into the office under the direction of the county judge.

The circuit court for the Eastern district convened about the first of March, and the county court made an order that it be held in the new courthouse, though it had not then been accepted, and was still in control of the contractor, who had not quite completed the finishing work. A few days afterwards it was finished and accepted by the commissioners.

When the contractors presented their claim for remainder of their claim, the county court allowed the same, with the exception of $300 which it retained as damages due for the failure of the contractors to complete the work at the time specified.

The contractors took an appeal to the circuit court. On the trial in the circuit court, the presiding judge refused to direct a verdict for the defendant, and gave the following instuctions to the jury:

"1. You are instructed that the circuit court clerk having occupied a room in the courthouse prior to the completion and acceptance of such house by permission of the county judge would not be a waiver of the time in which the $10 damages per day should run.

"2. You are instructed that a part payment by the county court made to the contractor after the time for which the contract should be completed is a waiver of damages for lack of completion within the time specified in the contract.

"3. You are instructed that the occupancy of the building by the circuit court prior to the acceptance of the building from the contractors by the courthouse commissioners and the county court is a waiver of any damages by reason of the failure of the contractor to complete the building within the time mentioned in the contract, where such circuit court is held in said building by order and direction of the county court. You will therefore find your verdict in favor of the plaintiffs in this cause for the full amount sued for."

The defendant county objected to the second and third instructions, and, its objections being overruled, exceptions were duly saved.

The jury returned a verdict from the box in favor of the plaintiff for the sum of $300.

*S. D. Campbell, J. H. Townsend,* for appellant.

The intention to waive a right must be established by language or conduct, and not by conjecture. 46 N. W. 976; 28 Pac. 1037; 29 S. W. 490; 13 N. Y. 164; 6 So. 834; 45 N. W. 60; 29 Am. & Eng. Enc. Law, 900. Moving into a house before repairs are complete is no waiver of the right to liquidated damages for delay in completion. 19 Am. & Eng. Enc. Law (2d Ed.), 19; 8 Can. L. T. 377. The stipulation for damages should be construed as liquidated damages. 14 Ark. 315; 54 Ark. 344; 56 Ark. 405; 57 Ark. 175; 69 Ark. 114; 13 Wash. 364; 19 Fed. 239; 23 Atl. 628; 52 N. W. 503; Lloyd, Law of Building, 64; 1 Suth. Dam. (2d Ed.) 279, 283, 290.

*J. W & J. M. Stayton,* for appellee.

The payment for the January estimate was a waiver of the failure to complete within the time. 11 Wood (Pa.), 332; 83 Ill. 517; 16 Daly, 91; 39 N. Y. Sup. Ct. 133; 35 Barb. 602; 62 Wis. 18; 7 Me. 76; 11 Daly, 367; 46 Conn. 558. The occupation of the building before its completion and acceptance was a waiver of the breach. 6 Ia. 530; 27 Vt. 766; 40 Mo. App. 234; 16 Me. 77; 24 Ill. 268; 2 Woodw. (Pa.) 332; 20 Ohio, 361; 16 Abb. Pr. U. S. 337. An acceptance is a waiver of the failure to perform in time. 104 Ill. 206; 9 Ind. 497; 1 Ind. App. 317; 3 Rob. (La.) 10; 36 Me. 92; 16 Me. 77; 7 Me. 76; 31 Mo. 516.

RIDDICK, J. (after stating the facts). This is an action by a firm of contractors against Lawrence county to recover the sum of $300, which they claim is the balance due them by the county for building a courthouse. There is no dispute about the facts. The county admits that it agreed to pay plaintiffs a stipulated sum for completing the courthouse, that the courthouse was completed before the action commenced, and that it has not paid the $300 claimed. But the county contends that, as the work was not completed within the time specified in the contract, the plaintiffs, by virtue of the terms of the contract, became liable to damages at the rate of $10 a day for each day

they were in default; and that these damages equal or exceed the amount claimed by the plaintiffs. On the other hand, the plaintiffs contend that the county waived the right to claim such damages: (1) By making a payment on the work after the day specified for its completion, and after it was known that the contract had not been complied with in that respect. (2) By permitting the circuit clerk to take possession of a room in the building for his office when the building was not completed, and had not been accepted. (3) By directing and permitting the building to be used and occupied by the circuit court before it had been accepted by the county commissioners.

The circuit court sustained the first and third grounds of plaintiffs' contention, but after considering the matter we are of the opinion that neither of these contentions should be sustained. As a general rule, a waiver, to be binding, must either operate by way of estoppel, or be supported by a valuable consideration. 28 Am. & Eng. Enc. Law (1st Ed), 531. Now, making a part payment of the amount due the contractors after the time specified for the completion of the building, although the building was still incomplete, was not inconsistent with the claim for damages on account of delay in completing the building, for the county still retained enough of the consideration to cover the damages claimed by it on that account. The fact that the building was not completed within the time required did not justify the county in refusing to make any further payments, for by the terms of the contract payment for the work was to be made as it progressed, and the entire consideration was not forfeited by the failure to complete within the time specified. The amount of damages that the county could recover in such event was fixed by the contract, and the county would not have been justified in withholding a much larger amount than was sufficient to cover the damages arising from such default. The county is not asking judgment against plaintiffs for a return of the money it paid them, and we can therefore see nothing in such a payment that could have misled the plaintiffs in any way.

Nor is the fact that the county authorized the clerk to use an office in the building and allowed the circuit court to use the building before it was accepted inconsistent with the claim for damages set up by the county in this case. This possession by

the clerk and the use of the building by the court was with the consent of the contractors. It was directly to their advantage, for it prevented a further accumulation of damages. The county is not asking for damages for delay in completing the building after the clerk took possession, or after the building was used as a courthouse, but for the damages that under the contract had already accrued at the time this partial possession of the building was taken, and we are not able to see anything in such possession that is inconsistent with such claim.

As the report of the commissioners shows that the contractors had performed their work well, and that the delay was more or less unavoidable, we should on this account be-glad to sustain the judgment of the circuit court, but we have no power to set aside a valid contract in that way. It may be a hardship for the contractors to have to pay damages for the failure to complete the building by the time specified in the contract when the delay was caused by a failure of the railroad to deliver material they had ordered, but they took that risk when they made the contract. It is not shown that the county or its officers misled or hindered the contractors, or was in any way responsible for the delay, and it has the right to insist on the enforcement of the contract as made.

Deducting the damages as provided in the contract for the admitted delay, it seems to us that the county owed the contractors nothing, and that the jury should, under the facts in evidence, have been directed to find for the defendant. The judgment is therefore reversed, and the cause remanded for a new trial.