ARKANSAS MUTUAL FIRE INSURANCE COMPANY v. CLARK.

Opinion delivered November 4, 1907.

1. FIRE INSURANCE—FAILURE TO FURNISH PROOF OF LOSS.—Where a policy of fire insurance stipulated that the insured should, within sixty days after a fire, render a sworn statement to the insurance company showing the amount of the loss, etc., and that no suit on the policy should be sustainable until after full compliance with the foregoing requirement, a failure to furnish such proof of loss within the stipulated time forfeited the policy. (Page 227.)

2.   SAME—DELIVERY OF PROOF OF LOSS TO SOLICITING AGENT.—Delivery by
the insured of the proof of loss to a soliciting agent was not de-
livery to the insurance company.   (Page 227.)

Appeal from Lee Circuit Court; *Hance N. Hutton,* Judge;
reversed.

*C. S. Collins,* for appellant.

1.   No proof of loss was made within the time prescribed
by the policy.   This is fatal to a recovery.   65 Ark. 240; 72
Ark. 484.

2.   Slayton was only a soliciting agent, and could not bind
or estop the company by his acts.

*H. F. Roleson,* for appellee.

Failure to furnish proof of loss is not among the ·fifteen
forfeiture clauses contained in the policy, but merely provides
that no suit shall be maintained "until after" compliance by the
insured with all the provisions of the policy.   93 Mich. 81; 53
N. W. 514; 18 L. R. A. 85; 112 Tenn. 151; 79 S. W. 119; 64
L. R. A. 451; 95 Wisc. 618; 70 N. W. 828; 35 W. Va. 666; 14
S. E. 237; 35 So. Rep. 228; 45 S. E. Rep. 773; 98 N. W. Rep.
227; 37 So. Rep. 62; 88 S. W. Rep. 125; 80 Pac. Rep. 213.   The
case of *Teutonia Ins. Co.* v. *Johnson,* 72 Ark. 484 (citing 111
Ga. 622), is not an authority against us.

2.   The company was bound by the acts of Slayton, its
agent.   41 N. E. Rep. 658; 75 *Id.* 66; 25 Ark. 219; 49 *Id.* 320.

HART, J.   This suit was instituted by M. A. Clark to re-
cover on a policy of insurance issued to him by Arkansas Fire
Insurance Company.

M. A. Clark testified that the building covered by the policy
sued on was totally destroyed by fire on the first day of August,
1905.   That a short time after the fire he had a carpenter named
Tilson to make an estimate of the amount and kind of lumber
and materials of which the building was built.   That after it
was made out by Tilson he handed it to Mr. Slayton, to be sent
to the company.   That he does not know,. but he supposes that
Mr. Slayton sent it to the company.   That Slayton was the
agent who solicited and procured him to take out the insurance.
That the firm of Weld-Duprey-Mixon Company showed him a
letter from the company, dated August 24, 1905, and that, upon

reading it, he came to the conclusion that the company had received the estimate of the proof of loss prepared by Tilson and handed to Slayton to be sent to the company, and further understood that the company was going to send some one to adjust the loss.

C. S. Collins, for the insurance company, testified that he was, at the time of the original transaction, secretary of the company. That the E. G. Slayton referred to by Clark in his testimony is dead. That said Slayton was in the employ of Weld-Duprey-Mixon Company. That they were not recording agents at all, not authorized to issue any policies, but simply acted as soliciting agents to take applications and send them to the company. That he wrote the letter of August 24, 1905, referred to by Clark in his testimony. The letter is as follows:

"Messrs. Weld-Duprey-Mixon Co.,

Marianna, Ark.

Gentlemen:

Your favor relative to loss policy No. 6816 M. A. Clark, received. We got everything ready for the trip, but were (and are) informed that the shotgun quarantine was so strict and rigid in your region that, should one representative go there with any number of certificates, he would have trouble. If you will advise us how and in what manner we can come to Marianna, and, if necessary, to Helena, and be sure to get away and past Forrest City on the way back, we will come at once.

"Yours very truly,

"The Arkansas Fire Insurance Co.,

"By C. S. Collins, Secretary."

Clark, recalled, testified that he had no idea that the estimate prepared by Tilson had not been sent in until he saw the letter of the company dated September 29, 1905, to Weld-Duprey-Mixon Company in which this language is used: "Mr. Clark had better read his policy. If he brings suit without complying with any of its formalities we will leave him to his own devices. * * * We will take the matter up very shortly, and whatever we do will be done within our legal obligation. * * * On the other hand, if he wants to resort to threats he should have filed his proof of loss promptly."

The policy and the application were exhibited to the jury.

There was a verdict and judgment for the plaintiff. The defendant filed its motion for a new trial, and, upon its being overruled, took an appeal.

The appellant contends that the court erred in not instructing a verdict for the defendant, and in giving to the jury at the request of the plaintiff, over its objections, instructions on the question of waiver of forfeiture.

The clause in the policy sued on in regard to giving immediate notice of loss and filing proof of loss within sixty days after the fire, and as well the clause providing that no suit shall be brought until after full compliance by the insured with all the requirements of the policy, are precisely the same as those set out in the case of *Teutonia Insurance Company* v. *Johnson*, 72 Ark. 484, and this case is ruled by it. In that case it was held where a policy of fire insurance stipulated that the insured should, within sixty days after a fire, render a sworn statement to the insurance company showing the amount of the loss, etc., and subsequently provided that no suit on the policy should be sustainable until after full compliance by the insured with all the foregoing requirements, a failure to furnish proof of loss within the stipulated time operated as a forfeiture of the policy."

There is no proof in the record that the estimate prepared by Tilson, or the proof of loss, if it may be so called, was sent to the company. Slayton was only a soliciting agent, and delivery of proof of loss to him was not a delivery to the company.

The record shows that a proof of loss was afterwards prepared and sent to the company, but this was not within sixty days after the date of the fire.

Reversed and remanded.