# Huntsville Elks Club *v.* Garrity-Hahn Building Co., *et al.*

### Bill to Enforce Material-man's Lien.

(Decided November 21, 1911. Rehearing denied February 5, 1912. 57 South. 750.)

1. *Contracts; Building Contracts; Modification.*—Where the contract fixes a time for the completion of the work and makes time of the essence of the contract, a party who sets up a subsequent change in the contract extending the time for the completion of the work has the burden of proof as to the modification.

2. *Same; Performance; Waiver.*—Where the contract fixes the time for the erection of a building and makes time of the essence of the contract, the owner does not waive non-performance within the specified time by accepting what was done by the surety of the contractor in furnishing financial aid to the contractor to enable him to complete the building, though he may not be able to do so within the time specified, and does not waive the non-performance by allowing the work to go on to completion after the expiration of the time, the owner not being at fault for the delay. A waiver must operate by way of an estoppel, or be supported by a valuable consideration to be binding.

3. *Same; Modification; Proof Required.*—The proof of a parol alteration of a written contract must be clear and satisfactory when the change is denied.

4. *Estoppel; Conduct.*—To operate as a basis for an estoppel conduct of the other party must have been intended for the party relying on an estoppel to act upon, and he must have been induced to act upon it.

5. *Principal and Surety; Contract; Liability of Surety.*—A surety on a building contractor's bond is bound equally with the contractor for the performance of the contract, and is equally responsible in damages for any failure in performance, and the surety merely does his duty to the owner, and does not furnish any new consideration for the original contract by coming to the relief of the contractor who is unable to carry out the contract because of financial embarrassment.

6. *Same; Contract of.*—A surety on a building contract is chargeable with knowledge of the terms of the contract limiting the time for the completion of the work, and making time of the essence, and no duty is on the owner to call the surety's attention to the time limit, and to notify the surety that he will insist on it.

7. *Set off and Counter Claim; Building Contract; Damages.*—Where the time fixed for completion of a building is made of the essence of the building contract, the owner may recoup the damages

sustained by a delay in the completion of the work, when sued upon the contract.

8. *Damages; Breach of Contract; Measure.*—The measure of damages resulting from a delay in the completion of the building erected under a contract fixing a time for its completion, and making time of the essence, is the value of the use of the building for the time the owner was deprived thereof by the delay of the contractor.

APPEAL from Madison Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by the Garrity-Hahn Building Company and the sureties on its building contract, against the Huntsville Elks Club, to enforce a mechanics' lien for balance due upon the building. Decree for complainants and respondents appeal. Reversed, rendered and remanded.

WALKER & SPRAGINS, for appellant. The proof does not sustain the allegations of the bill that the building was to be completed within a reasonable time from July 5, 1906, and the contract alleged was not proven.—3 Mayf. 351, et seq. It would seem, as a matter of course, from the evidence that the owner is entitled to compensation for the value of the use of the building during the time they were deprived thereof by the delay.—*Fidelity & D. Co. v. Robinson,* 136 Ala. 379; *Cornish v. Suydam,* 99 Ala. 620; 6 Cyc. 91. By allowing the work to go on to completion after the expiration of the time named in the contract, the owner did not waive its claim to damages for delay.—30 A. & E. Enc. of Law, 1260; 5 Hill 76; 35 Barb. 602; 81 S. W. 1059. A waiver to be binding must operate either by way of estoppel, or be supported by a valuable consideration.—28 A. & E. Enc. of Law, 531 (1st Ed.). Conduct as the basis of an estoppel must have been intended for the other party to act on, and he must have been induced to act upon it. —*Scharfenburg v. Town of New Decatur,* 47 South. 95. There was no rescission or modification of the written contract.—*Shriner v. Craft,* 51 South. 884.

COOK & SWANEY, STRANGE & FLETCHER, and BRICKELL & SMITH, for appellee. An executory contract in writing may be altered, modified or rescinded by a parol subsequent agreement without any new consideration.—*Pioneer Sav. Bank v. Nonemacher*, 127 Ala. 521; *Andrews, et al. v. Tucker*, 127 Ala. 521. The failure of the party to perform within the time limit will not prevent recovery for performance after the time specified if he is allowed to go on after the time limit has expired without any expression of disapproval from the other party.—52 Minn. 551; 4 Barb. 614; 121 Ill. 571; 60 N. Y. 438. No new extraneous consideration is necessary for an engagement to extend the time for performance, and a waiver or extension of the time may be implied as well as expressed.—*Cornish v. Suydam*, 99 Ala. 620; 142 U. S. 128; 124 Ill. 268; 152 Pa. 631. Where the failure to complete the work is due to the fault of the owner and his architect, the contractor is not responsible for the delay.—89 N. Y. 556; 74 Ill. 189; 79 Ill. 181; 25 S. W. 1122; 159 Pa. St. 201; 85 Va. 500; 107 Fed. 204. The architect's final certificate was conclusive under article 10 of the original contract.—51 Ga. 348; 11 Wash. 565. Under the evidence an estoppel arose.—*Formsby v. Hood*, 119 Ala. 213; *Ashurst v. Ashurst*, 119 Ala. 219; *Brookhaven v. Smith*, 7 L. R. A. 755 and note; *Tobias v. Morris*, 28 South. 517.

DOWDELL, C. J.—This cause was submitted in the chancery court upon the pleadings and proof as noted by the register, and a final decree rendered by the chancellor in favor of the complainants in the bill, from which the present appeal is prosecuted by the respondent, the Huntsville Elks' Club. The purpose of the bill is to enforce a mechanic's lien on the property described for an alleged balance claimed to be due for the

erection of the described building. A copy of the con-
tract, which was in writing, is made an exhibit to the
bill.   By the terms of the written contract (article 6)
the work was to be completed within 10 months from
the receipt of the figured drawings from the architect.
Time became and was made an essence of the contract
by the provisions thereof.   In paragraph 6 of the bill it
is alleged that after the work was begun a new agree-
ment was made in July, 1906, under which the building
was to be completed within a reasonable time from that
date.   The defendant by its answer expressly denied
the making of any new agreement as alleged in the bill
or any change or modification of the contract as to the
time of the completion of the building, and further set
up in its answer to the bill that the contractors wholly
failed to complete the building within the time stipulat-
ed in the contract, and that by reason of the failure to
complete the building within the time limit the contract
was breached, to the great damage of the defendant, in
that the defendant was deprived of the use of the build-
ing for more than a year, which use was reasonably
worth to the defendant a large sum, namely, more than
$7,000, all of which damages the defendant claimed and
seeks to recoup against the claim of the complainants
set up in the bill.

The chancellor in his decree ignored the respondent's
claim for damages sought to be recouped, and doubtless
upon the theory that the new arrangement as alleged in
the bill between the parties had been established by
the proof.   But a careful consideration of the evidence
by us leads us to a different conclusion, and under the
statute (section 5955, subd. 1) we are required to weigh
the evidence and decide on the facts without attaching
any weight to the decision of the chancellor.

The burden rested on the complainants to establish by proof the alleged change in the original contract. While parties may vary or change written contracts by subsequent parol agreements, yet when a change is averred and there is a denial of it, the proof of change should be clear and satisfactory. The complainants' testimony here is not of that clear and satisfactory character; besides, the weight of the respondent's evidence is against the alleged change of the original contract as averred in the bill.

The bill contains no averment of an estoppel against the respondent's right to claim damages arising out of a breach by the complainants of the original contract as alleged in the respondent's answer to the bill. Nor are any facts stated in the bill on which an estoppel in favor of the complainants against the respondent's claim of damages might be predicated.

The sureties on the bond of the contractors, the Garrity-Hahn Building Company, which was given for the faithful performance of the contract, were in law equally bound with their principals, the Garrity-Hahn Company, for the carrying out of the contract and equally responsible in damages for any failure in performance, or breach, of said contract on the part of their said principals. This is a proposition of law too plain to require citation of authorities. When the principals, the Garrity-Hahn Company, because of financial embarrassment, were unable to carry out the contract and their sureties came to their relief by furnishing them the means to the performance of the contract, the sureties did no more than was their duty to the other party to the contract, and in doing so it was for their own benefit in saving themselves from damages consequent upon a breach of the contract by their principals; and in no sense did such action furnish any new or additional consideration to the original contract.

The sureties were bound to know the terms of the contract, the performance of which they guaranteed, and the time limit for the completion of the building, and that time was an element of essence of the contract.

The respondent was under no legal duty to call the attention of the sureties to the time limit in the contract and to notify them that the respondent would insist on it, and therefore could not be held to waive it in accepting what was done by the sureties in furnishing financial aid to their principals, the Garrity-Hahn Company, in order to enable them to complete the building, although they might not be able to do so within the time specified; no fault or blame for the delay attaching to the respondent. A waiver, to be binding, must operate by way of an estoppel or be supported by a valuable consideration.—28 Am. & En. Ency. Law (1st Ed.) 531.

As we have said, no new agreement was shown, and the respondent did not by its conduct estop itself to claim the benefit of the time provision in the contract. Conduct, as the basis of an estoppel, must have been intended for the other party to act on, and he must have been induced to act upon it.—*Scharfenburg v. Town of New Decatur*, 155 Ala. 651, 47 South. 95.

Time being of the essence of the contract, then for the breach of this provision by delay in the completion of the building the respondent was entitled to the damages sustained, and to recover the same by way of recoupment when sued on the contract. The measure of damages in such a case is the value of the use of the building for the time that the owner was deprived of the use by the delay of the contractor.—6 Cyc. 91; *Fidelity & Deposit Co. v. Robertson*, 136 Ala. 379, 34 South. 933; *Hutchins v. Munn*, 209 U. S. 246, 28 Sup. Ct. 504, 52 L. Ed. 776.

As we have already intimated, by merely allowing the work to go on to completion after the expiration of the time named in the contract, the owner did not waive its claim to damages for delay, and, when sued on the contract, the owner is entitled to recoup the damages sustained by such delay.—*Lawrence County v. Stewart Bros.,* 72 Ark. 525, 81 S. W. 1059; *Sinclair v. Tallmadge,* 35 Barb, (N. Y.) 602; 30 Am. & Eng. Ency. Law (2d Ed.) 1260.

It follows, therefore, from the views entertained by us and herein above expressed, that the decree of the chancellor must be reversed; and one will be rendered here, ordering a reference to the register to ascertain the balance due the complainants on the contract, as well, also, the amount of damages sustained by the respondent on account of the delay in the completion of the building, to be allowed as a set-off against the claim of the complaiants. And in the holding of such reference, both parties will be allowed, in addition to testimony already taken, to offer such evidence as they may see fit, that is competent and relevant.

Reversed, rendered, and remanded. All the Justices concur.