FIRST NATIONAL BANK OF MINERAL SPRINGS *v.*
HAYES-McKEAN HARDWARE COMPANY.

Opinion delivered November 19, 1928.

*Feazel & Steel,* for appellant.
*Lake, Lake & Carlton,* for appellee.

McHANEY, J. On November 15, 1926, one Joe Smith, being indebted to the appellee in the sum of $649.16 for borrowed money, executed his note therefor, secured by a mortgage on certain lands, containing the following clause: "And it is further stipulated that, in case the said Joe E. Smith and Gladys Smith shall make default in payment of taxes, or assessments for local improvements or other purpose, or of keeping said buildings insured as aforesaid, then the said Hayes-McKean Hardware Company or legal representatives may pay such taxes and assessments and effect such insurance, and

the amount so expended therefor, with interest at ten per cent. per annum from date of such expenditure until repaid, shall be considered a sum the repayment of which is intended to be hereby secured.''

The mortgage was recorded on the date of its execution. On February 11, 1927, appellant secured a judgment against said Smith, in the circuit court of Sevier County, in the sum of $333.51. Thereafter, on March 23, 1927, appellee was forced to redeem the land covered by its first mortgage from tax forfeiture for State, county and road improvement district taxes, which it paid in the sum of $480.15, and at that time required said Smiths to execute another mortgage securing the payment of said taxes. Appellant caused an execution to issue on its judgment against Smith, in August, 1927, and had same levied upon the land covered by said mortgage, and on September 24, 1927, the sheriff sold Smith's interest therein to appellant.

On the 18th day of November, 1927, appellee instituted this action in the chancery court to foreclose its first mortgage against Smith, in which appellant was made a party defendant, and in which it prayed that all rights of appellant in the land which it claimed by reason of the execution sale be canceled in so far as it affected the rights and interests of the appellee. The court entered a decree foreclosing the mortgage for the full amount of Smith's indebtedness to appellee, and making its lien superior to that of appellant.

The only question presented by this appeal for our determination is the priority of the respective liens of the parties, appellant claiming that its judgment lien was superior to appellee's second mortgage covering the money loaned to redeem the land from tax forfeitures. Appellant admits that appellee, under the terms of its first mortgage, had the right to pay the taxes for Joe Smith to protect its lien, even if there had been no provision in the mortgage as heretofore set out, but it says that, by taking the second mortgage, appellee waived its rights under the first mortgage, and also any equitable

lien it may have had for the amount of the taxes paid in order to protect its lien under the first mortgage, for the reason that its judgment against Smith antedated the second mortgage.

We cannot agree with counsel in this contention. The payment of the taxes on the land was necessary in order to protect the interest of both parties. The payment of the taxes inured to the benefit of appellant as well as appellee, for, if neither had paid the taxes, the land would have passed to a stranger to the title and been lost to both parties.

Under the above clause in the mortgage, appellee was secured for all advances made for taxes, and it was unnecessary to take the second mortgage. The proof conclusively shows that the second mortgage was taken in ignorance of the provision contained in the first mortgage, and without actual knowledge of appellant's judgment against Smith. Appellee cannot be held to have waived a right of which it was ignorant. The uncontradicted proof shows that it was ignorant both of the provision in the mortgage and of its right under the law to an equitable lien for the payment of taxes. To hold that, by the mere fact of taking the second mortgage, it waived rights already given it, both under the first mortgage and the law, without regard to the mortgage, would be manifestly inequitable and unjust, and in the face of the uncontradicted proof that appellee did not intend to waive its rights.

A "waiver" has been defined to be "an intentional abandonment or relinquishment of a known right." Words & Phrases, Second Series, p. 1222. This definition was cited with approval in *Sovereign Camp W. O. W.* v. *Newsom,* 142 Ark. 132, 219 S. W. 759, 14 A. L. R. 903.

Therefore, since appellee did not know of its rights under the first mortgage and the law, and since it did not intend to relinquish any rights it had, it cannot be held to have waived its prior lien by taking the second mortgage. Rather, we think, instead of intending to abandon

any right it had, appellee was taking an abundance of precaution to protect its rights.

We find no error, and the decree is affirmed.