BUSINESS MEN'S ASSURANCE COMPANY *v.* SELVIDGE.

4-3132

Opinion delivered October 16, 1933.

*Solon T. Gilmore* and *J. Loyd Shouse,* for appellant.

*V. D. Willis* and *Shinn & Henley,* for appellee.

BUTLER, J. On the 23d day of July, 1932, the appellee made an application to appellant company for an accident and sickness insurance policy.' S.' T. Phifer was designated in said application as ''company salesman,'' and the issuance of the policy was recommended

by him. The indorsements on the application show that the application was accepted by the appellant, and its policy of insurance issued on the 26th day of July, 1932.

The appellee brought suit on the policy to recover for the loss of one eye, the injury to which he alleged was sustained on the 12th day of August, 1932. The appellant, in its answer, denied that plaintiff suffered the injury on the date alleged and averred that, if such injury was sustained, it occurred prior to the issuance of the policy; and for further defense it averred that plaintiff failed to comply with the terms of the policy as to the giving of notice.

The trial resulted in a verdict and judgment for the plaintiff in the sum of $750 for the loss of his eye, whereupon the court rendered judgment in his favor against the appellant for that amount, together with the sum of $150, attorney's fee, and a 12 per cent. penalty. The appellant company has appealed, and for grounds of reversal contends that the evidence was not sufficient to support the verdict in that it failed to establish the fact that the injury occurred on the date alleged, but insists that it shows the injury to have happened on a date prior to the issuance of the policy; and that the evidence establishes that notice of the happening of the accident was not given within the time provided in the policy, and no evidence was offered tending to show that it was not reasonably possible for the insured to give the notice within the time stated in the policy, or that the notice was given thereafter as soon as was reasonably possible.

On the first contention, it may be said that the evidence introduced by the appellant strongly tends to sustain his theory, but the appellee in round terms testified that the injury which caused the loss of his eye occurred on the date alleged. The jury was the sole judge of the credibility of the witness, and it has resolved the disputed question of fact in favor of the appellee. It was the duty of the trial judge, if in his opinion the verdict was not sustained by a preponderance of the evidence, to have set the verdict aside on motion and to have granted a new trial. By his failure to do this he has added the weight of his judgment regarding the sufficiency of the evidence

to that of the jury. Notwithstanding what we may think, on the question of where the preponderance lies, we are not permitted to exercise our judgment in that particular, but must be bound by that of the jury and the trial court.

The pertinent parts of the contract of insurance relating to the next defense interposed in the trial court and pressed on our attention, are as follows:

"4. Written notice of injury or of sickness on which claim may be based must be given to the company within twenty days after the date of the accident causing such injury, or within ten days after the commencement of disability from such sickness.

"5. Such notice given by or in behalf of the insured or beneficiary, as the case may be, to the company at Kansas City, Missouri, or to any authorized agent of the company, with particulars sufficient to identify the insured, shall be deemed to be notice to the company. Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible.

"7. Affirmative proof of loss must be furnished to the company at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the company is liable and in case of claim for any loss, within ninety days after the date of such loss.

"8. The company shall have the right and opportunity to examine the person of the insured when and so often as it may reasonably require during the pendency of claim hereunder, and also the right and opportunity to make an autopsy in case of death where it is not forbidden by law.

"5. * * * Strict compliance on the part of the insured and the beneficiary with all the provisions of this policy is a condition precedent to recovery hereunder."

It is admitted by the appellee that the written notice of his injury provided for in the policy was not given within the twenty days and not until the 12th day

of November, 1932, following the occurrence. He contends, however, that circumstances existed which rendered it reasonably impossible for him to give the notice within the twenty-day period, and that he gave the same as soon thereafter as was reasonably possible; that there was evidence which warranted this contention, and that the same was properly submitted to the jury for its determination. To excuse his failure to give notice within the twenty-day period, appellee testified that on the 19th day of August, 1932, about seven days after his alleged injury, his wife became suddenly insane; that he was caring for her at their home until the 29th day of August, following, when he carried her to the insane asylum and immediately returned home, that during the first part of September, he was at home looking after its affairs and caring for his two children, and the latter part of the month he was at work in his shop doing first one thing and then another; that within fifteen days after the date of his injury, he told the agent who had written his application of it, and the agent promised to write the company.

The evidence fails to show what appellee was doing during the month of October or what were the circumstances surrounding him during that month, nor is it shown what were his circumstances in November prior to the 12th day on which day, he, for the first time, gave written notice to the appellant company of the injury to, and the loss of his eye.

It is well settled that stipulations as to the giving of notice in policies of this character are reasonable and valid, and that where a written notice is required an oral notice is not sufficient. Also that these provisions are for the purpose of giving opportunity for an early investigation of claimant's injury.

If we construe the stipulation in the policy relative to the giving of notice most liberally in favor of the insured, if any effect is given to it at all, it must bar a recovery, since we are unable to discover any testimony tending to show that the failure to give the notice within the twenty-day period or within a reasonable time there-

after, resulted from anything except the negligence of the insured; and certainly there is nothing to indicate that there was any circumstance which would have prevented him from giving the notice in September. It is clear that appellee's failure to give the notice was due solely to his own neglect, and not from any circumstance which would reasonably have prevented him from doing so; and it prevented the insurer from making investigation until the wound was thoroughly healed, when, if the notice had been properly given, it might have determined from an inspection of the wound itself whether it had been received at as late a date as claimed. Appellee testified that he had told the agent about his injury fifteen days after it occurred; the agent testified it was about a month and a half; but, whenever the agent was told, it is not shown that he ever communicated his information to the appellant company. The inference is clear from the testimony that Phifer, the agent, was clothed with no general authority, but was a mere soliciting agent, and therefore verbal notice to him was not sufficient. *Ark. Mut. Fire Ins. Co.* v. *Clark,* 84 Ark. 224-7, 105 S. W. 257.

Courts are reluctant to deprive the insured of the benefit of an honest claim by any narrow or technical construction which prescribes the requisites by which an accrued right is to be made available. But in this case there is a total lack of evidence tending to show that the insured has placed himself within the terms of the policy as most liberally construed in his favor, and for that reason the judgment of the trial court must be reversed, and the cause dismissed. It is so ordered.

HUMPHREYS, J., dissents.