MARY E. MYERS, ADMINISTRATRIX *v.*
MUTUAL OF OMAHA INSURANCE CO.

5-6014                              484 S.W. 2d 879

Opinion delivered October 2, 1972

*Terral, Rawlings, Matthews & Purtle,* by: *Harlan A. Weber,* for appellant.

*Smith, Williams, Friday, Eldredge & Clark,* by: *Max C. Mehlburger,* for appellee.

LYLE BROWN, Justice. This suit was instituted to recover sick benefits under an insurance policy executed by appellee to Cecil L. Myers. The insured having died prior to trial, his widow, as administratrix, was substituted as plaintiff. The court sitting as a jury absolved appellee, stating that the notice of sickness was not timely made, and that there was no substantial evidence of insured's mental or physical condition as would excuse him from timely filing proof of loss.

Cecil L. Myers purchased the policy in 1927. In 1963 he was suffering from emphysema and diverticulitis and was incapacitated from working. Mrs. Myers discovered the policy late in 1969 and within a few months filed claim. Payments for the years preceding the notice were denied. Suit was brought to recover monthly benefits for the five years next preceding the filing of suit.

The policy provides that notice of sickness shall be given the insurer within ten days after the commencement of disability therefrom. Affirmative proof of loss is required to be furnished within ninety days after the loss. The final pertinent provision requires strict compliance with the stated conditions as a condition precedent to recovery. The identical requirements were present in the policy considered in *Business Men's Assur. Co.* v. *Selvidge,* 187 Ark. 1040, 63 S.W. 2d 640 (1933). We construed the stipulations as being "reasonable and valid."

Appellant argues for exception to the notice requirements and cites a line of cases which hold that incompetency waives the notice requirements. We have so held in a number of cases involving insanity. For example, *Pfeiffer* v. *Missouri State Life Insurance Co.,* 174 Ark. 783, 297 S.W. 847 (1927). The trial court in the case before us found as a fact that "there was no substantial evidence of insured's mental or physical condition that would excuse him from filing a proof of loss." Mr. Myers' doctor was asked if the ailments affected Myers' mind, to which he replied "not his mind necessarily." On this point we are severely handicapped by appellant's failure to abstract Mr.

Myers' testimony. His deposition, taken several months prior to trial, was introduced in evidence.

Affirmed.