## SOUTHERN SECURITY LIFE INSURANCE COMPANY et al *v.* Betty J. SMITH, Administratrix

76-25                                      537 S.W. 2d 542

### Opinion delivered June 7, 1976
[Rehearing denied July 6, 1976.]

*Davidson, Plastiras & Horne, Ltd.,* by: *Allan W. Horne,* for appellants.

*Gill, Johnson & Bivens,* by: *Marion S. Gill,* for appellee.

GEORGE ROSE SMITH, Justice. This action upon two $10,-000 credit life insurance policies is governed by our decisions in *American Pioneer Life Ins. Co.* v. *Smith,* 255 Ark. 949, 504 S.W. 2d 356 (1974); *American Pioneer Life Ins. Co.* v. *Turman,* 254 Ark. 456, 495 S.W. 2d 866 (1973); *Union Life Ins. Co.* v. *Davis,* 247 Ark. 1054, 499 S.W. 2d 192 (1970); and *Life & Cas. Ins. Co.* v. *Smith,* 245 Ark. 934, 436 S.W. 2d 97 (1969).

Here, as in the cases cited, the insured signed applications in which he falsely stated that he was in good health. In

fact, he had suffered a heart attack in 1967, after which he was placed upon a program of medication and was told to carry nitroglycerin tablets with him continuously. In December of 1972 he suffered a second attack, an acute infarction, for which he was hospitalized for two weeks. Upon his discharge he was placed upon a program of limited activity, with nitroglycerin and other medication. The two three-month policies of credit life insurance were issued in connection with the renewal of a bank loan on January 18, 1973, only 30 days after Smith's hospitalization. He re-entered the hospital five days later as a result of recurrent chest pains. He was discharged on February 5 but died two days later from another acute infarction. There is no doubt that Smith was aware of his affliction.

In effect the appellee argues that we should overrule our recent cases and put credit life insurance in a special category. The argument is that since credit life insurers issue policies for short terms without a physical examination, they should be required to take the borrowers "as they come" and in the aggregate, rather than upon an individual basis. That argument overlooks the fact that the system of credit life insurance presumably enables borrowers who are in fact in good health to obtain such insurance at low premium rates. The appellee's contention, if accepted, would tend to deprive those borrowers of the economical coverage that the system is meant to provide. Moreover, our controlling decisions are based upon a section of the Insurance Code, which we are not at liberty to disregard. Ark. Stat. Ann. § 66-3208 (Repl. 1966).

Reversed and dismissed.