THE CONTINENTAL INSURANCE
COMPANIES *v.* Franklin STANLEY

77-416                              569 S.W. 2d 653

Opinion delivered June 12, 1978
(Division I)
[Rehearing denied September 18, 1978.]

*Reinberger, Eilbott & Smith,* for appellant.

*Paul K. Roberts,* for appellee.

JOHN A. FOGLEMAN, Justice. Lawrence Derby d/b/a Lawrence H. Derby Insurance Agency sued appellee Franklin Stanley, seeking judgment on a note given by Stanley for payment of the premium on a hail insurance policy on the 1974 tomato crop of Stanley. Derby obtained the policy from appellant, The Continental Insurance Companies. There appears to have been a loss which came within the coverage of the policy. Stanley answered Derby's complaint alleging that he was not liable to Derby because appellant owed him more than the amount of the premium

for loss sustained from hail damage. He filed a third party complaint, praying for judgment against appellant for the loss he alleged to be covered by the policy. He alleged that he had given due notice to appellant and had executed proof of loss as required by the terms of the policy or that the requirements had been waived by the appellant. Appellant defended on the ground that appellee had not complied with the policy.

The policy provisions on which appellant had relied throughout the trial were:

The insured shall give written notice to this company of any loss meeting with the requirements of this policy within the time herein provided.

Any claim or loss must be reported *in writing* by the insured within 120 hours after the occurrence of such loss.

It is conceded that Stanley gave no written notice of loss and that he filed no proof of loss. The loss occurred, according to appellee's evidence, on April 1, 1974. No action was instituted until appellee's third party complaint was filed on October 8, 1975.

On the basis of the record before us the court should have granted appellant's motion for directed verdict made at the conclusion of the evidence on behalf of the plaintiff Derby, at the conclusion of the evidence on behalf of Stanley, the third party plaintiff, and at the conclusion of the evidence on behalf of appellant, the third party defendant. A motion to dismiss on behalf of appellant, first made before the commencement of the trial, was renewed each time the motion for directed verdict was made. The motion to dismiss was based upon a pretrial deposition of Stanley (to which the policy was an exhibit) and the basic grounds for the motion were the same as those on which the motions for directed verdict were based, which included: (1) failure of appellee to give notice of the loss within 120 days, and (2) failure of appellee to furnish proof of loss. In effect, the renewal of the motion to dismiss was nothing more than a motion for directed verdict. The

same question as to the sufficiency of the evidence to support the jury verdict was raised immediately after its return by motion to set it aside and for judgment notwithstanding the verdict. It was again raised by motion for new trial. All of appellant's motions were denied and judgment for appellee, from which this appeal was taken, was entered. Since it is admitted that there was not a strict compliance with the policy requirements, appellant could only recover by showing waiver of these requirements. As appellant points out, the only evidence relied upon by appellee to establish any waiver of any of these requirements was the testimony of Stanley, corroborated to some extent by the testimony of James Stewart, the agent who had sold appellee the policy involved here. In essence, Stanley testified that he had been sold hail insurance by Stewart in 1970, 1971, 1972 and 1973, and had, during three of those years, sustained losses due to hail, notice of which had been given Stewart by telephone and that prompt adjustments had been made by the insurer on each of those instances without the filing of any formal notice or proof of loss. One of those years was 1970 and the policy of insurance was issued by Insurance Company of North America. Two of the others were during 1971, 1972 and 1973, when Stewart was employed by National Farmer's Union and sold Stanley policies issued by that company.

Appellee argues that this previous conduct and course of dealing with Stewart constituted a waiver of the pertinent policy provisions by appellant, and that he had followed exactly the same procedure in 1974 he had employed in previous years. This is subject to question, because Stanley actually called Stewart's telephone number and reported his hail damage to a woman he had never talked with before, but who he said identified herself as Stewart's wife. Stewart's wife denied receiving such a call, but said that if she had received such a call, she would have given her husband the message. Stewart said that he never received a message from Stanley regarding a hail loss in 1974.

Giving the evidence its strongest probative force in favor of appellee, however, lends no support to the finding of waiver by appellant, an entirely different company from those adjusting losses without written notice or proof of loss, under

policies which may well have contained provisions substantially different from those in appellant's policy. The only similarity disclosed by evidence on behalf of Stanley is his testimony that one of the other policies required written notice of loss within 48 hours. Stewart admitted that he understood the policy involved here required notice of loss within either 100 or 120 hours. There was absolutely no evidence that appellant had, on this or any previous occasion, waived either of these policy requirements in dealing with appellee or any other insured.

Waiver is the voluntary abandonment or surrender by a capable person of a right known by him to exist, with the intent that he shall forever be deprived of its benefits. It may occur when one, with full knowledge of material facts, does something which is inconsistent with the right or his intention to rely upon the right. *Ray Dodge, Inc. v. Moore*, 251 Ark. 1036, 479 S.W. 2d 518. The relinquishment of the right must be intentional. *Moseley v. State*, 256 Ark. 716, 510 S.W. 2d 298; *First National Bank of Mineral Springs v. Hayes-McKean Hardware Co.*, 178 Ark. 429, 10 S.W. 2d 866.

Perhaps the term "waiver" in the context would more properly be termed estoppel, but the terms are often used interchangeably with reference to insurance contracts. *Sovereign Camp, Woodmen of the World v. Newsom*, 142 Ark. 132, 219 S.W. 759, 14 ALR 903. A distinction was pointed out in that case, in which we recognized authority that estoppel against an insurance company may arise when the company's course of dealing with the insured and others known to the insured have been such as to induce a belief upon the part of the insured that a policy provision will not be insisted upon by the company. We quoted from *Sovereign Camp v. Putnam* (Tex. Civ. App.) 206 S.W. 970-972 (1918) as follows:

"The terms 'waiver' and 'estoppel' are often used indifferently in the same sense, as if they were interchangeable terms; but there is a distinction which it is often important to keep in mind. Waiver presupposes a full knowledge of a right existing and an intentional surrender or relinquishment of that right. * * * It contemplates something done designedly or knowingly,

which modifies or changes existing rights, or varies or changes the terms and provisions of a contract; but not so with estoppel.

" 'Waiver is the voluntary surrender of a right; estoppel is the inhibition to assert it from the mischief that has followed. Waiver involves both knowledge and intention; an estoppel may arise where there is no intent to mislead. * * * Waiver involves the acts and conduct of only one of the parties; estoppel involves the conduct of both. A waiver does not necessarily imply that one has been misled to his prejudice, or into an altered position; an estoppel always involves this element. * * * Estoppel arises where, by the fault of one party, another has been induced, ignorantly or innocently, to change his position for the worse in such manner that it would operate as a virtual fraud upon him to allow the party by whom he has been misled to assert the right in controversy.' 40 Cyc. pp. 256, 257.

Furthermore, a waiver to be binding must operate either by way of estoppel or be based upon some consideration. *Lawrence County* v. *Stewart Bros.*, 72 Ark. 525, 81 S.W. 1059.

In this case there is no evidence of any conduct or course of dealings by appellant in regard to these policy provisions. Appellee relies solely upon conduct of Stewart. It is clear from the *Newsom* case that conduct of a representative while in the employ of an insurance company, which is known to the company and acquiesced in by it, is sufficient basis for a finding of estoppel against the company. But none of the conduct of Stewart relied upon took place while he was employed by appellant and it was not shown that appellant either knew of, or acquiesced in that conduct.

There is no evidence that Stewart was anything other than a soliciting agent. Lawrence Derby testified that he sold the policy to Stanley. He said that he was able to obtain the policy from appellant. He called Stewart a broker, but testified that Stewart had a license to solicit insurance and made applications, which he brought to Derby to submit to the company. Derby said that he "brokered" the business for

Stewart and paid him a commission on the business he produced. He testified that Stewart's name did not appear anywhere on that policy.

Such an agent is a soliciting agent. *Holland* v. *Interstate Fire Ins. Co.*, 229 Ark. 491, 316 S.W. 2d 707. Notice to a soliciting agent is not notice to the company. *Arkansas Mutual Fire Ins. Co.* v. *Clark*, 84 Ark. 224, 105 S.W. 257; *Business Men's Assurance Co.* v. *Selvidge*, 187 Ark. 1040, 63 S.W. 2d 640. In the absence of a waiver, verbal notice is not sufficient when the terms of the policy require written notice. *Business Men's Assurance Co.* v. *Selvidge*, supra. There is no evidence that Stewart had any authority to issue policies or put insurance into effect. As a matter of fact, there is no evidence that Derby had any such authority.

A soliciting agent has no authority to waive any of the policy requirements, nor can his knowledge be imputed to the company he represents. *Holland* v. *Interstate Fire Ins. Co.*, supra; *Clark* v. *Freeling*, 196 Ark. 907, 120 S.W. 2d 375. Appellant had the burden of showing Stewart's authority if he relied upon that agent's authority to waive policy requirements. *Holland* v. *Interstate Fire Ins. Co.*, supra. Appellee cannot rely upon the apparent authority of Stewart, because that is authority one dealing with the agent could reasonably suppose the agent possessed because the principal had knowingly permitted the agent to assume it or had held the agent out as possessing it. *First Nat. Bank* v. *Godbey & Sons*, 181 Ark. 1004, 29 S.W. 2d 272. There is no evidence that appellant ever permitted Stewart to assume authority to waive policy requirements or make adjustments or that it had ever done anything which could be taken as holding him out as possessing such authority.

Waiver of a policy requirement or estoppel to rely upon it may be based upon conduct of an insurance company, which must necessarily act through its agent. See *Federal Life & Casualty Co.* v. *Weyer*, 239 Ark. 663, 391 S.W. 2d 22; *Gambill* v. *Wilson*, 211 Ark. 733, 202 S.W. 2d 185. But the conduct must be that of the company or its agents. We know of no authority for basing such a waiver or estoppel upon the actions of another insurance company or on the actions of an

agent while representing another company and appellee has cited none. There is no evidence that appellant knew, or had any reason to know, of Stewart's dealings with appellee in connection with policies issued by other companies.

Other points for reversal are asserted by appellant, but we find it unnecessary to consider them, because we are convinced that the case has been fully developed and that it should be dismissed.

The judgment is reversed and the cause dismissed.

We agree. GEORGE ROSE SMITH, BYRD and HOLT, JJ.

Supplemental Opinion on Denial of
Petition for Rehearing
delivered September 18, 1978

JOHN A. FOGLEMAN, Justice. Appellee has filed a petition for rehearing based entirely upon the contention that there is no proof in the record that appellee ever received the policy issued by Derby Insurance Agency before the loss occurred, and, as a result, appellee could not be bound by the requirement of the policy that written proof of loss be given within 120 hours after it occurred. Appellee says that the record discloses that Stewart, the soliciting agent, only gave appellee a binder and that appellant does not deny that the policy was issued by the Derby Agency at a later date.

This is a matter that was not in issue in the trial court. In appellee's third party complaint against appellant, he alleged that appellant executed and delivered to appellee the policy of insurance and that it was dated March 28, 1974. He also

alleged that he had given due notice and had executed proof of loss to appellant, "as required by the terms of the policy or that said requirements had been waived by appellant." Appellant admitted delivery of the policy and alleged, in an amendment to its answer, that appellee had not complied with the requirements of the policy as to notice of loss, as to proof of loss and, in addition, appellant pleaded all other policy provisions as defenses. Appellant's motion to dismiss quoted the policy requirements verbatim and, in it, appellant asserted that appellee had stated in a pre-trial deposition that he had read all the policy terms. Appellee filed no response to this motion.

Lawrence Derby, the first witness to testify, identified the policy issued to appellee. Appellee testified that he did not actually get the policy on March 28, but that he later got a copy of it in the mail. He testified that he was sure that he had looked over the policy when he received it in the mail. He did not even intimate that he had not received it when he suffered the hail damage on April 1, 1974.

The trial judge gave an instruction which stated that appellee had the burden of proving that he had complied with all the requirements of the policy of insurance as issued by Continental or that his failure to do so worked no prejudice to the rights of Continental Insurance Company, unless the jury found that these requirements had been waived by actions of the third party defendant. In making his only objection to this instruction, appellee's attorney said: "Stanley did not comply with all the requirements, it is admitted and this is inconsistent with the Court's action in refusing the submission of interrogatories." The court, over the objection of appellant, added the provision as to waiver after this objection by appellee had been made. No instruction given, or offered, would have submitted the issue now raised to the jury. An instruction requested by appellee and given by the court, advised the jury that a failure to give notice or furnish proof of loss is waived by any conduct on the part of the insurer, or its authorized agent, prior to the expiration of the time when notice may be given the insurer, which lulled the insured into a feeling of security that formal notice will not be required, is sufficient to constitute waiver. No other instruction was given or requested that could have any bearing on the issues.

Appellee did assert, in the opening statement in his brief here, that on March 28, 1974, Stewart issued a binder for the policy to be issued by appellant and that no one remembered when the policy was actually delivered to appellee. The abstract of the record does not support the latter statement, or indicate that any witness was ever asked about the date of delivery. On the other hand, when appellee was asked what he had understood the policy to say about notice of loss, he responded, "I understood it, I guess just like the policy said."

Appellee's only argument on this point was:

*** It must be remembered that Stewart sold the policy to Appellee on March 28, 1974, and only a binder was issued. There is no proof when the actual policy was mailed to Appellee, but it would be an exceptional performance on the part of Derby Insurance Agency to prepare and mail a policy and get it into the hands of the insured by mail within four days, because the hail loss occurred on April 1, 1974. The court was correct in denying the Motion to Dismiss.

Since it can be clearly seen that there was no issue in the trial court relating to the date of delivery of the policy, there was no reason for appellant to prove the date of delivery. We cannot consider this question raised for the first time on appeal.

The petition for rehearing is denied.