FORD LIFE INSURANCE COMPANY *v.*
Mary SAMPLES, Administratrix for the Estate of
Edgar L. SAMPLES, Deceased

82-104                                                              641 S.W.2d 708

Supreme Court of Arkansas
Opinion delivered November 15, 1982

*Smith & Nixon,* by: *W. R. Nixon, Jr.,* for appellant.

*Murphy & Carlisle,* by: *Darrell E. Baker, Jr.,* for appellee.

JOHN I. PURTLE, Justice. Mary Samples, administratrix for the estate of Edgar L. Samples, filed suit in the Washington County Circuit Court to collect benefits pursuant to a policy of credit life insurance which had been issued to the decedent shortly before his death. The trial court, without a jury, found the appellant liable in the amount of $3,938.70, plus a penalty of 12%, plus interest and attorney's fees. The appellant argues three points for

reversal: (1) the trial court erred in holding the "good health" statement was materially correct; (2) the trial court erred in holding that appellant had been placed on notice of the decedent's health condition; and, (3) the trial court erred in awarding excess damages. We agree with the appellant's third contention but disagree as to the first two.

On September 11, 1976, the decedent and his wife, the appellee, went to a local Ford agency and purchased a 1976 Ford pickup truck. In conjunction with the sale the decedent purchased a policy of credit life insurance and in the process executed a "good health" statement. At the time he was drawing 100% disability from the Veterans Administration founded upon an anxiety reaction and chronic brain syndrome. The day following the signing of the contract the deceased suffered a myocardial infarction which resulted in his death on September 15, 1976. The appellant rejected payment on the policy and returned the premium, of $88.61, for credit on the contract. It was appellant's contention that the deceased was suffering from heart disease at the time he executed the "good health" statement. The death certificate indicated that the infarction occurred approximately 48 hours before death and that deceased had been suffering from arteriosclerosis for five years. This evidence was essentially undisputed by the appellee.

The trial court found, among other things, that the agent who sold the insurance policy was a soliciting agent. The court further held that the agent learned of the insured's poor health and that he was drawing disability insurance prior to his signing of the application for insurance. Most importantly, the trial court found that the deceased did not make any specific misstatement or false statement. The judgment was in the amount of $3,938.70 on the policy, a penalty of 12%, interest from the date suit was brought, and an attorney's fee in the amount of $500.

Apellant's first argument is that the "good health" statement was materially incorrect. Accordingly, the application was alleged to be void pursuant to Ark. Stat. Ann. § 66-3208 (b) (Repl. 1980). Among other things, the statute requires that in applications for life or disability insurance

the statements made by the annuitant shall be deemed to be representations and not warranties. The statute further provides:

> Misrepresentation, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
>
> (a) Fraudulent; or
>
> (b) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
>
> (c) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract in as large an amount or at the same premium or rate, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

There is no question but that the "good health" statement is incorrect as a matter of law when the insured is aware of an affliction which would seriously affect the risk. *Southern Security Life Insurance Co. v. Smith,* 259 Ark. 853, 537 S.W.2d 542 (1976). The ultimate question presented under this point is whether the insured knew at the time of the statement that he was suffering from a heart disease which resulted in his subsequent death. In searching the record we are unable to find evidence clearly indicating that either the deceased or his wife knew he was suffering from arteriosclerosis or other heart disease. It is true that on two or three occasions the deceased was temporarily treated for hypertension. In fact, there is evidence to indicate that he had suffered from symptoms similar to heart disease in the past. However, the record does not show that he was on medication for arteriosclerosis or that he had been told that he was suffering from any type of heart disease. Appellee does not deny that deceased was afflicted with arteriosclerosis but denies that either the deceased or the appellee had knowledge of this condition. It is appellee's position that al-

though the deceased was suffering from a heart disease, it was unknown to him or his wife. We have held that a "good health" statement on the application for life insurance, even if materially incorrect in some respects, will not void the policy unless the insurer shows a causal relation between the misrepresentation and the loss. *National Old Line Insurance Co. v. People,* 256 Ark. 137, 506 S.W.2d 128 (1974). We cannot say that the trial court's judgment was clearly against the preponderance of the evidence. Applicant died as a result of a disease which was not connected to his total disability condition. Therefore, the trial court could properly find there was no causal relation between the misrepresentation and the loss.

Next, the appellant argues that it was not placed on notice of the deceased's actual health condition thereby waiving its right to deny benefits under the policy. Even if we accept the fact that notice to the agent was notice to the appellant, we do not find that there was any notice relating to heart disease. One reason there was no notice is because the decedent apparently had no knowledge of the condition which obviously existed at the time he made application for the insurance. However, we do agree with appellant's contention that notice to a soliciting agent is neither binding nor sufficient authority to waive policy requirements. *Continental Insurance Companies v. Stanley,* 263 Ark. 638, 569 S.W.2d 653 (1978). We do not think the appellant was placed on notice of the decedent's bad health condition which contributed to his death for the reason that the deceased had no knowledge of his condition. Therefore, so far as the deceased was concerned, he answered the question truthfully when he said he was in good health. The "good health" statement obviously did not include the condition which allowed him to receive his Veterans Administration benefits because by agreement his disability check was to be used to pay for the pickup truck.

It may seem harsh in a situation such as this where the applicant died the day following his application for reasons which already existed. However, the General Assembly seemed to have in mind such situations as this when they enacted Ark. Stat. Ann. § 66-3208 (b). The facts of the present

case do not lend themselves to support the exceptions set out in the foregoing statute.

Finally, the appellant argues the court erred in the amount of the judgment and other benefits. We agree. The terms and conditions of the contract of life insurance would not exceed the maximum amount of the installment contract. The amount financed in this case was $3,391.36. Finance charges in the amount of $547.43 were added which brought the total to be paid out in the 35 monthly installments to be $3,938.79. The finance charges were not all earned and neither were all of the charges for the insurance. Therefore, the case should be returned to the trial court to determine the amount of payoff on the installment contract. Since the amount to be determined will be obviously less than the amount sought in the complaint, the appellee was not entitled to the penalty and attorney's fee. Such claim is allowed only when the recovery is in the amounts sued for. *Ford Life Insurance co.* v. *Jones*, 262 Ark. 881, 563 S.W.2d 399 (1978). Therefore, we affirm in part and remand in part with directions for the trial court to proceed in a manner not inconsistent with this opinion.

Affirmed in part; reversed and remanded in part.