### AMERICAN INSURANCE CO. *v.* HAMPTON.

Decided December 20, 1890.

*Fire insurance—Forfeiture—Authority of agent to waive.*
> An agent with authority to receive an application for insurance has no apparent authority to waive a forfeiture incurred by re-insurance.

APPEAL from *Greene* Circuit Court.

J. E. RIDDICK, Judge.

*J. C. Hawthorne* for appellant.

There is no contention that notice was given appellant, or that it attempted to waive the condition prohibiting further insurance without its consent. The only contention is that the appellant waived the condition in the policy. When an insurance policy provides that if the assured shall procure other insurance without the consent of the insuring company written on the policy, the policy shall be void; the procuring further insurance without the consent so indorsed renders the policy void. 3 S. E. Rep., 732; 15 N. E. Rep. 810. The agent has no authority to waive or modify any of the conditions in the policy. 32 N. W. Rep., 660; 60 Miss., 302; 13 N. W. Rep., 164; 34 Am. Rep., 122; 6

*id.*, 491. A mere soliciting agent has no authority to bind the company. 16 N. W. Rep., 94; 13 N. E. Rep., 902; 23 N. W. Rep., 926; 39 Am. Rep., 277; 42 N. W., 654. The fact that the insurance company has notice of other insurance and fails to cancel the policy does not justify the conclusion that it elects to allow it to continue in force. 43 N. W. Rep., 59; *ib.*, 810. Notice must be given. Mere knowledge of the fact on the part of any agent is not equivalent to notice to the company. 64 Am. Rep., 218; 4 Zabr. (N. J.), 447; 17 N. Y., 609; 9 Cush. (Mass.), 370; May on Insurance, 152; 26 Ohio, 348. There is no testimony that Cole was the agent of the company, or had any authority to waive conditions of the policy.

*W. R. Coody* for appellee.

From the language of the clause, its context and connection, it has more the appearance of a clause enabling the company to protect itself from increased risk of over-insurance than an inhibition against further insurance. If this be so, then Cole, the agent, was acting within the scope of his authority in getting further insurance, and notice to him bound the company. 25 Ark., 261.

2. An agent may be called to prove the extent of his agency. Mecham on Agency, sec. 102; 15 Kans., 492. He is presumed to act within the scope of his agency. 25 Ark., 219. Although a principal may limit the authority of a special agent, yet the law recognizes an implied power which is the reasonable necessary power to carry into effect the main power conferred and not forbidden. Mech. on Ag., secs. 279-80. Even if the agent violates his instructions, or exceeds the limit of his authority, he will bind his principal as to third persons, if his acts are within the scope of his agency, which the principal has *allowed* or *permitted* him to appear to possess. Mech. on Ag., secs. 83, 279; 42 Ark., 219. Notice to an agent in reference *to a matter over which his authority extends* is notice to the principal. Mech. Ag., sec. 718. When a party performs his duty, he cannot be affected by the fault of a third party. 28 Ark., 244.

3. But the question of agency was submitted to the jury, and by their verdict they have found in favor of appellees. There was evidence to justify the verdict, and this court will not reverse. 40 Ark., 168; 27 *id.*, 519; 24 *id.*, 183, 251. The judgment is right on the whole record. 28 Ark., 59. See also on the question of an agent and waiver. 20 Ill. App., 228; 56 Conn., 528; 77 Iowa, 155. An agent to solicit insurance may waive conditions. 15 N. E., 166. Where an agent has notice of other insurance and does not cancel the policy, the company is estopped. 7 S. W. Rep., 261; 8 *id.*, 453. The assent of the agent binds the company. 6 S. W. Rep., 605. Notice to company or agent is sufficient. 6 S. W. Rep., 605; 30 N. W., 727. See also Mech. on Ag., sec. 931, note 4. A limitation on the power to waive any condition is against public policy and void. 39 N. W. Rep., 76

BATTLE J. Appellees instituted this action against appellant to recover $600 on a policy of fire insurance. The policy sued on contained a clause in the following words: " If the assured * * * shall have or hereafter make any other insurance on the property herein covered, or any part thereof, without notice to and consent of this company in writing hereon, * * * then, and in every such case, this policy shall be null and void." The defense to the action was that the appellees, in violation of their agreement, procured other insurance upon the property described in the policy sued upon, for the sum of $400 dollars, in a company known as the New Orleans Insurance Association, without the knowledge or consent of the appellant.

The facts are: Sometime about the first of July, 1887, T. P. Cole, as agent of the appellant, made out an application for insurance for appellees, and in about a week thereafter delivered to them a policy executed by appellant, it being the policy sued on in this action. Thereafter, sometime in the month of October next following, he made out another application for the same parties for additional insur-

ance in the New Orleans Insurance Association, and in a short time afterwards delivered to them a policy issued by the New Orleans Insurance Association upon the property covered by the first policy. Both applications were signed by appellees; and the premiums on both policies were paid by them at the time the same were respectively delivered.

**Insurance agent—Apparent authority.** In order to entitle appellees to recover in this action, it was necessary for them to prove that appellant, or its authorized agent, consented to appellees taking the additional insurance in the New Orleans Insurance Association. It was not sufficient to show that such consent was given by Cole, as agent of appellant. For the consent of Cole to be of any effect it devolved on appellees to show, not only that he was agent of appellant, but that the consent given was within the real or apparent scope of his authority. But no such evidence was adduced on the trial. The only evidence that Cole had such authority was that he was local agent of appellant in Greene and Clay counties, in this State, and had authority to solicit insurance, receive and write applications for insurance, and forward the same to appellant's general agent, and when an application was granted and they forwarded to him the policy filled out and signed, to deliver it and collect the premium. But this was not sufficient to prove that he had authority to alter any of the essential provisions of the policy sued on, or to waive forfeitures for a breach of any of its conditions, or to consent to the additional insurance. There was nothing in the nature and requirements of the business intrusted to him from which such authority could be reasonably inferred. On the contrary, they show that he was not given authority to fix any of the terms of the insurance or conditions upon which appellant would become liable for the loss of property insured. From this fact the reasonable presumption is, he had no authority to waive any requirement of the policy intended to protect the appellant, or to consent to any act that would increase its risks—to determine how or in what event it should be liable.

There was no evidence that appellant had notice of, or consented to, the additional insurance, or that Cole did any act within the real or apparent scope of his authority which was a waiver of the forfeiture incurred by the additional insurance. The verdict of the jury was not sustained by evidence.

Reversed and remanded.