SADLER *v.* FIREMAN'S FUND INSURANCE COMPANY.

Opinion delivered March 28, 1932.

*Edward Gordon,* for appellant.

*John E. Coates, Jr.,* for appellee.

HUMPHREYS, J. Appellants brought this suit against appellee in the chancery court of Logan County, Booneville District, to reform fire insurance policy No. 12371, issued by it to A. L. George on October 15, 1930, covering improvements on lots 20 to 26, inclusive, in block 32, in the town of Magazine, Arkansas, so as to include a loss payable clause to appellants, executors of the estate of W. V. Higgins, deceased, to whom A. L. George mortgaged said property on March 1, 1927, to secure a loan of $1,000 and interest; and to recover out of the proceeds of said policy said mortgage indebtedness with interest, the statutory penalty of twelve per centum, and a reasonable attorney's fee. It was alleged in the complaint that the understanding between the parties was that said policy should contain a loss payable clause to appellants, executors of the estate of W. V. Higgins, deceased; and that A. L. George, as agent of appellee, negligently failed to write said policy in accordance with the agreement, understanding, and intention of the parties. It was also alleged that the improvements on the lots were totally destroyed by fire on the 30th day of November, 1930.

An answer was filed denying the material allegations of the complaint.

The cause was submitted on the pleadings and testimony, resulting in a dismissal of the complaint.

The record reflects that A. L. George borrowed the sum alleged from W. A. Higgins and executed him a mortgage on said property to secure same, and furnished him a fire insurance policy in appellee's company which expired one year thereafter; that renewal policies were issued each year and kept in the custody of A. L. George, who told appellants that the policies contained the clause agreed upon, when in fact none of them did; that A. L. George was a soliciting agent only of appellee and without authority to write policies; that the extent of his authority was to solicit insurance, send applications received to appellee's general agent, Coates & Raines, at Little Rock, Arkansas, and to deliver the policies when issued and sent to him by the general agent, and to collect the premiums thereon; and also reflects by the weight of the evidence that A. L. George agreed to procure a policy from appellee containing a loss payable clause to appellants as their interest might appear, and that he claimed to have done so in his conversation with them; and that the improvements on said lots were totally destroyed by fire on the 30th day of November, 1930, and that the amount due under the insurance policy was paid to A. L. George, by appellee, on the 26th day of December, 1930, and by him paid to Coates & Raines in settlement of premiums he had collected on other policies.

Appellants contend for a reversal of the decree and their right to a reformation of the policy and of recovery thereunder upon the knowledge of A. L. George of the existence of the mortgage and his agreement to protect appellants as their interest might appear in the policy numbered and referred to above. This position would be tenable, had A. L. George been given authority to agree upon the terms and write policies for appellee, but no such authority was conferred upon him directly or indirectly by appellee. The undisputed evidence showed that A. L. George was merely a soliciting agent of appellee. It has been uniformly held by this court that a solicit-

ing agent has no authority to agree upon terms to be inserted in policies or to change or modify or waive terms contained therein, and that the knowledge of a soliciting agent cannot be imputed to the company he represents. *American Insurance Company* v. *Hampton,* 54 Ark. 75, 14 S. W. 1092; *Mutual Life Insurance Company* v. *Abbey,* 76 Ark. 328, 88 S. W. 950; *American Insurance Co.* v. *Hornbarger,* 85 Ark. 337, 108 S. W. 213; *Pacific Mutual Life Insurance Company* v. *Carter,* 92 Ark. 378, 123 S. W. 384; *Inter-Southern Life Insurance Company* v. *Holzhauer,* 177 Ark. 927, 9 S. W. (2d) 26. Under the authorities cited, appellee was not bound by the knowledge of A. L. George, its soliciting agent, nor by his agreement to insert in the policy a loss payable clause in favor of appellants.

No error appearing, the decree is affirmed.