STUCKER *v.* HARTFORD ACCIDENT & INDEMNITY COMPANY.

5-114                                                    258 S. W. 2d 544

Opinion delivered June 8, 1953.

Rehearing denied June 29, 1953.

*Dinning & Dinning,* for appellant.

*O. C. Brewer* and *A. M. Coates,* for appellee.

ROBINSON, Justice. Appellant Stucker filed suit on a policy of insurance covering the life of a horse. This is the second appeal. 220 Ark. 475, 248 S. W. 2d 383. On the 24th day of November, 1950, for the purchase price of $50 appellant bought the horse in question, a four-year old named "Charlie." About one week later, December 1, 1950, appellant obtained the policy which insured the horse for $1,000. On May 14, 1951, appellant claims that at about 3:00 p. m. he was cleaning the stall and the horse was in an adjoining paddock; that another horse neighed and scared Charlie causing him to jump into the paddock fence, thereby injuring a muscle in his hip to such an extent that he was destroyed by veterinarian injecting strychnine into his veins on the 16th day of July, 1951.

When the case was here the first time, the cause was reversed because the court had permitted the insurance company to interpose affirmative defenses when such defenses had not been alleged in the answer. After reversal, the trial court permitted the defendant insurance company to amend its answer and allege among other things a policy provision as follows: "This company shall not be liable for the death of any animal caused by the voluntary destruction of such animal or animals for any reason or purpose whatsoever, unless such destruction shall have occurred within six hours after such animal or animals are injured, and then only where such animal or animals were injured and destroyed on a public highway or a public race course, during a racing meeting, or at any other public event, gathering or place, during a public gathering, and a certificate from a licensed veterinarian, certifying that the destruction of such animal was immediately necessary because of its

having been accidentally crippled or maimed, shall have been obtained prior to the destruction of such animal or animals, or where this company shall consent in writing to such destruction, signed by its general agent at its Live Stock Department office at Chicago, Illinois.''

At the trial of the case from which comes this appeal at the completion of plaintiff's evidence the court directed a verdict for the defendant insurance company because of the above-quoted provision in the policy, the uncontradicted evidence being that the insurance company refused to give consent to the destruction of the horse. Appellant contends that the trial court erred in permitting the answer to be amended for the second trial. This point is controlled by *Sanders* v. *Walden,* 214 Ark. 523, 217 S. W. 2d 357, 9 A. L. R. 2d 1040, holding such an amendment is permissible.

Next, appellant maintains that appellee waived the provisions of the policy it now relies on by having put the policyholder to the trouble of furnishing proof of loss when the insurance company had the information upon which it later denied liability. The horse was not injured and destroyed under circumstances that would render the company liable on the policy according to its terms unless the insurance company gave its consent to a voluntary destruction of the animal. This the company refused to do and made known such refusal before the horse was destroyed. In the circumstances of the injury to the horse, such animal not having been ''injured and destroyed on a public highway or a public race course, during a racing meeting, or at any other public event, gathering, or place, during a public gathering,'' the insurance company was at no time liable under the terms of the policy. It could have become liable by giving its consent to the destruction; but after getting the information about the happening of the injury, it refused to give such consent. The company had a right to ask for all available information so it could intelligently exercise its discretion in giving or withholding consent to destroy the animal.

Such cases as *German Insurance Co.* v. *Gibson,* 53 Ark. 494, 14 S. W. 672, to the effect that an insurance company waives a forfeiture for misrepresentation where it asks for and accepts proof of loss subsequent to the time it learned of such misrepresentation are not in point. Here the company had the discretion of consenting to the destruction of the animal or refusing such consent, and it did nothing to lead the policyholder to believe that such consent would be given.

Affirmed.