JACKSON *v.* FARMERS UNION MUTUAL INS. CO.

5-1368                                              306 S. W. 2d 693

Opinion delivered November 11, 1957.

*W. M. Burnett,* for appellant.

*Charles A. Wade,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellant upon a $2,000 fire insurance policy covering two dwelling houses and certain furniture. The policy was issued for a term of three years, beginning May 30, 1953, and expiring May 30, 1956. The property was destroyed by fire on June 6, 1956—seven days after the expiration of the contract. At the close of the plaintiff's proof the trial court directed a verdict for the insurance company and for its agent, James Cole, who was joined as a defendant in the case.

It is the plaintiff's contention that her proof presented an issue of fact as to whether the policy was still in effect on the day of the fire. The complaint alleges, and the plaintiff testified, that in selling the policy the insurer's agent, Cole, informed her that she would have a thirty-day period of grace in which to pay the premiums. Upon this testimony it is argued that the jury might have found that the policy was in force when the fire took place.

There are two answers to this argument. First, the written contract does not provide the asserted grace period, and the burden was on the plaintiff to show that the insurer's soliciting agent was authorized to change the terms of the agreement. *American Ins. Co.* v. *Hornbarger,* 85 Ark. 337, 108 S. W. 213; *Sadler* v. *Fireman's Fund Ins. Co.,* 185 Ark. 480, 47 S. W. 2d 1086. That burden of proof was not met. Second, by the terms of the policy a premium of $50 was payable annually on

May 30 for a term of three years beginning in 1953. Even if there had been a grace period it could have applied only to the premiums that were due in 1953, 1954, and 1955. Since no premium was due when the contract expired on May 30, 1956, the existence of a grace period on that date is immaterial.

One of the plaintiff's witnesses testified that he once had a policy with the defendant company and that he was permitted to pay his premiums as much as two weeks after their due date. This witness was unable to say whether the extension of time was granted by Cole or by the company, nor was any effort made to show that the witness's policy was similar to the one sued upon. It is clear that this testimony did not make a case for the jury. That the insurance company accepted the belated payment of premiums actually due, under another policy, has no tendency to show that the contract in issue was still in force when by its terms it had already expired and when by its terms no further premiums were even due.

After the fire the company, upon being notified by its local agent of the loss, wrote to the plaintiff and disclaimed liability on the ground that the policy had lapsed. In this letter the insurer's assistant manager made this statement: "I am sure you will agree as a general rule your insurance representative is on the lookout for your well being, since James [Cole] stated he made one or two calls to your place to collect the premium right after the policy lapsed." It is earnestly insisted that the insurer's attempt to collect a premium after the lapse of the policy would have justified the jury in finding that the contract was still in effect when the loss occurred.

This contention cannot be sustained. There is authority for the view that an insurer, by demanding payment of an overdue premium, waives the right to declare a forfeiture on the ground that the premium in question was not paid when due. Other decisions take the position that the insurer's conduct does not constitute a waiver. In discussing the cases on both sides of

this question Professor Williston has expressed his preference for the latter view. Williston on Contracts, § 761. We need not explore this controversy, for the case at bar does not involve the essential element of a forfeiture. Here the appellee issued a policy insuring the property for a term of three years, on condition that the appellant pay the premium in advance for each year. Had the appellant failed to pay one of the premiums during the life of the contract, and had the insurer nevertheless demanded payment, it would have been necessary for us to say whether the company's attempt to collect the premium amounted to a waiver of its right to declare the policy canceled for the remainder of its term. But that is not the case before us. Here the appellant paid each premium as it was due and was protected by the policy until it expired by its own terms on May 30, 1956. After that date there was no contractual relationship between the parties, and the insurer obviously could not waive its right to declare a forfeiture, for there was nothing left to be forfeited.

Affirmed.