AMERICAN NATL. INS. CO. v. LAIRD.

5-1491                                                        311 S. W. 2d 313

Opinion delivered March 3, 1958.

[Rehearing denied April 14, 1958]

*Cecil C. Matthews* and *Wright, Harrison, Lindsey & Upton,* for appellant.

*Virgil Roach Moncrief* and *John W. Moncrief,* for appellee.

GEORGE ROSE SMITH, J.   On July 28, 1953, the Physicians Insurance Company, whose liabilities were later assumed by the appellant, issued to the appellee a policy insuring him to a limited extent against hospital and medical expenses.   In 1955 Laird became ill and incurred hospital and medical expenses running to more than $1,400.   The insurance company refused to pay the claim, on the ground that Laird's condition existed before the effective date of the policy and was therefore not covered by the contract.

Laird, in bringing this action to recover $1,400, sued not upon the written contract but upon an alleged oral agreement by which Physicians Insurance Company assertedly insured Laird against hospital and medical expense without limitation as to amount.   The complaint mentions the written contract only incidentally, it being averred that the insurer mailed an insurance policy to the plaintiff after the execution of the oral agreement. To this complaint the appellant filed a general denial and also charged Laird with having made false statements in the application for the policy.   Trial before a jury resulted in a verdict for the plaintiff in the amount sued for.

We do not agree with the appellant's contention that it was entitled to a directed verdict on the ground of fraud in the procurement of the contract.   The statements in the application were not declared to be warranties; so a misstatement would not avoid the contract if made in good faith.   *Universal Life & Acc. Ins. Co. v. Stuart,* 219 Ark. 863, 245 S. W. 2d 219.   On this issue the plaintiff's proof presented a question for the jury.

There is, however, no substantial evidence establishing the existence of a binding oral contract of insurance, upon which alone recovery is sought. Laird testified that in 1953 he received an advertising circular from the Physicians Insurance Company and mailed a reply card that was enclosed. On July 17 the insurer's agent, John Whatley, called at Laird's home with the reply card and, after an extended discussion, took Laird's application for the insurance. Laird testified that he told Whatley that the company would be expected to pay all hospital bills, and Whatley said that the policy would pay at whatever the hospital's rate might be. Laird signed the application, which he says had not then been filled in, and gave Whatley a check for the first premium. The check was cashed on July 22, and the written policy was issued on July 28. Laird received the policy by mail but put it away without reading it. The written contract, which was introduced in evidence, provides only partial coverage for a number of expense items that Laird was permitted to recover in full.

We have repeatedly and consistently held that a soliciting agent does not have authority to make contracts on behalf of the insurer. *American Ins. Co.* v. *Hampton*, 54 Ark. 75, 14 S. W. 1092; *Inter-Southern Life Ins. Co.* v. *Holzhauer*, 177 Ark. 927, 9 S. W. 2d 26; *Sadler* v. *Fireman's Fund Ins. Co.*, 185 Ark. 480, 47 S. W. 2d 1086. And the burden is on the plaintiff to prove that such an agent has real or apparent authority to bind his principal by contract. *American Ins. Co.* v *Hampton, supra*; *American Ins. Co.* v. *Hornbarger*, 85 Ark. 337, 108 S. W. 213; *Jackson* v. *Farmers Union Mut. Ins. Co.*, 228 Ark. 233, 306 S. W. 2d 693.

That proof is altogether lacking. There is no direct evidence that Whatley was clothed with any authority beyond that ordinarily exercised by a soliciting agent. It is argued that the jury might have inferred the delegation of broader power from the fact that Whatley had in his possession the reply card sent in by Laird and from the fact that Whatley accepted the initial premium along with the application. This argument lacks force. The postal card was certainly not an indicium of author-

ity as a general agent, and the collection of premiums is one of a soliciting agent's ordinary duties. See the *Hampton, Hornbarger, Holzhauer,* and *Sadler* cases, *supra.*

The judgment must be reversed, and the cause is remanded for a new trial, it being appropriate for the trial court to permit such amendments to the pleadings as the parties may think necessary. *Stewart-McGehee Const. Co.* v. *Brewster,* 176 Ark. 430, 3 S. W. 2d 42; *Stucker* v. *Hartford Acc. & Ind. Co.,* 222 Ark. 268, 258 S. W. 2d 544.

Reversed.