Holland *v.* Interstate Fire Ins. Co.

5-1580                                        316 S. W. 2d 707

Opinion delivered October 13, 1958.

492

*Johnston & Rowell* and *Brazil & Brazil,* for appellant.

*Gordon & Gordon,* for appellee.

GEORGE ROSE SMITH, J.  This is an action by the appellants to recover $1,300 upon two fire insurance policies, by which the appellee insured a dwelling house and household goods.  The insurer denied liability on the ground that, in violation of the terms of the policies, the house had been vacant for more than sixty days at the time of the fire.  At the close of the proof the trial judge directed a verdict for the defendant.

Since it is conceded that the dwelling had been vacant for some six months when it burned, the trial court's action was correct unless there was substantial evidence from which the jury might have found that the insurer waived this clause in the policies.  On this point Lizzie Maxfield, one of the appellants, testified that on each of three occasions, as the company's agent Davidson was collecting a monthly premium, she informed him that the house was unoccupied, and she says that on one occasion Davidson assured her that the insurance was good

despite the vacancy. In view of this proof the issue narrows down to that of Davidson's authority in the matter.

The appellants contend that Davidson was a general agent for the company, while the appellee insists that he was merely a soliciting agent. The familiar distinction between the two types of agency involves a question of substance rather than one of name only. A general agent is ordinarily authorized to accept risks, to agree upon the terms of insurance contracts, to issue and renew policies, and to change or modify the terms of existing contracts. Appleman on Insurance, § 8696. On the other hand a soliciting agent is ordinarily authorized to sell insurance, to receive applications and forward them to the company or its general agent, to deliver the policies when issued, and to collect premiums. *American Ins. Co.* v. *Hampton,* 54 Ark. 75, 14 S. W. 1092; *German-American Ins. Co.* v. *Humphrey,* 62 Ark. 348, 35 S. W. 428, 54 A. S. R. 297; *American Ins. Co.* v. *Hornbarger,* 85 Ark. 337, 108 S. W. 213. He has no authority to agree upon the terms of the policies or to change or waive those terms, nor can his knowledge be imputed to the company he represents. *Sadler* v. *Fireman's Fund Ins. Co.,* 185 Ark. 480, 47 S. W. 2d 1086.

The appellants, as the plaintiffs, had the burden of proving Davidson's real or apparent authority to bind his company to a modification of the written contracts. *American Nat. Ins. Co.* v. *Laird,* 228 Ark. 812, 311 S. W. 2d 313. In our opinion the trial court properly held that the burden of proof had not been sustained.

For the most part the evidence relates to matters which, under our prior decisions, fall within the usual duties of a soliciting agent. It is shown that Davidson was authorized to accept applications for fire insurance, to inspect the property to be insured, to forward the applications to the company's home office for its approval, to deliver the policy if issued by the insurer, and to collect premiums. None of these matters involve a general agent's discretionary power to accept risks and to agree upon the terms of the contract.

The appellants introduced proof of other services performed by Davidson, to be mentioned in a moment, and now stress the fact that his activity did not invariably end with the delivery of the policy. That, however, is not the test; premiums, for example, are often collected by the soliciting agent after the policy has been delivered. The real issue is whether the subsequent services fall within the scope of a general agent's real or apparent authority to bind the principal.

Here the evidence does not indicate that Davidson had been delegated the authority to exercise contractual powers on behalf of the appellee. It is shown that he used a rubber stamp referring to him as an agent of the company; but that statement was true, as he was admittedly the insurer's agent. The situation differs materially from that in *Pacific Mut. Life Ins. Co.* v. *Carter,* 92 Ark. 378, 123 S. W. 384, 124 S. W. 764, relied upon by counsel, where the insurer furnished stationery describing Claude D. Head as its general agent and where we said that the uncontroverted facts showed Head to have been a general agent.

Again, it was shown that Davidson delivered the form for the proof of the appellants' loss and, when it had been completed, forwarded it to the company. This evidence falls decidedly short of suggesting that Davidson was authorized to pass upon the claim; to the contrary, it demonstrates that his duty was merely ministerial and that the power to act upon the claim was reserved by his principal.

The appellants also call attention to a clause in the agreement between Davidson and the appellee, by which Davidson agreed to sell insurance, collect premiums, and "aid in the proper adjustment of claims." In substance it is argued that this clause clothed Davidson with the authority of an adjuster and therefore empowered him to waive provisions in the policies. Our decision in *Queen of Ark. Ins. Co.* v. *Forlines,* 94 Ark. 227, 126 S. W. 719, is cited in support of this contention.

There are at least two defects in this chain of reasoning. To begin with, the agency contract in question provides in another clause that Davidson has no authority to make, alter, or discharge any contract, or to waive forfeitures. Since it is not intimated that the appellants had any knowledge of this agency contract until it was introduced in evidence by the appellee, this issue concerns Davidson's actual authority rather than any apparent authority on his part. Davidson's duty to "aid" in the adjustment of claims cannot fairly be supposed to include a power that is elsewhere explicitly denied.

Secondly, unlike the situation in the *Forlines* case, here Davidson did not act as the adjuster in connection with the appellants' claim; that duty was performed by other agents of the insurer. Indeed, it is not shown that Davidson's assistance in the adjustment of claims ever went beyond the ministerial act of delivering checks that had been issued by the insurer for losses approved by it. It must be remembered that Davidson was assertedly told of the vacant house while he was collecting premiums as a soliciting agent, not while he was exercising any limited authority he may have had to aid in the adjustment of claims.

The appellants, in contending that Davidson was authorized to act as a general agent for the appellee, have listed and proved a number of services performed by him, much as it might be shown that a clerk in a retail store performs a variety of duties in the course of his employment. But the question is whether any of Davidson's activities would justify a jury in finding that he was invested with the discretionary powers of a general agent, and that proof is wanting.

Affirmed.