NUTRENA MILLS, INC. *v.* MILLSAP.

5-2044 332 S. W. 2d 232

Opinion delivered February 22, 1960.

*Jameson & Jameson,* for appellant.

*Crouch, Jones & Blair,* for appellee.

SAM ROBINSON, Associate Justice. This suit was filed by appellant, Nutrena Mills, for $13,135.64, the alleged balance due on promissory notes in the sum of $39,136.05, given by appellees, Harold and Velma Millsap. Appellees filed a general denial and by way of cross-complaint alleged that Nutrena had breached an oral contract to furnish to appellees money to purchase feed for turkeys during the year 1959 and asked for judgment in the sum of $20,000 for the alleged breach of contract. The court directed a judgment for appellant (plaintiff) in the amount sued for, $13,135.64. The counterclaim alleged in the cross-complaint was submitted to the jury and there was a jury verdict thereon in the sum of $13,135.64, the exact amount of the judgment directed by the court on the complaint. In addition, Nutrena's motion for a reasonable attorney's fee was granted and appellant was allowed an attorney's fee of $1,209.91.

On direct appeal the principal point argued is that the court erred in not admitting in evidence a written contract between the parties dated *March 5, 1957.* The appellees' notes were executed in pursuance to a written contract between the parties of that date, whereby Nutrena agreed to furnish not exceeding $40,000 to the Millsaps with which to purchase feed for 10,000 turkeys

during the turkey growing season of 1957. Later, in December, 1957, the Millsaps applied to Nutrena for a loan of $87,960 to buy feed for 20,000 turkeys during the 1958 season. Nutrena refused to make the loan for the 1958 season. When this suit was filed the Millsaps' December, 1957, application was inadvertently attached as an exhibit to the complaint instead of the contract of *March 5, 1957*.

During the trial of the case Nutrena attempted to introduce as evidence the *March 5, 1957* contract. Appellees pleaded surprise and objected on the ground that the December, 1957 application was attached to the complaint and made a part thereof as constituting the written contract supporting the promissory notes. Over appellant's protest the court sustained appellees' objection to the introduction of the *March 5, 1957* contract.

Appellant contends that the March 5, 1957 contract is very material to the issues involved here, maintaining, among other things, that certain provisions of that contract go to show that no contemporaneous oral contract of any kind was entered into between the parties, and that the court's action in not admitting the *March, 1957* agreement in evidence constitutes reversible error. It does appear that the defendants were confused by the December, 1957 application of the Millsaps being attached to the complaint as the agreement sued on. Harold Millsap testified to the effect that agents for Nutrena, in prevailing upon him to enter into the *March 5, 1957* agreement, had contracted with him orally to the effect that if he suffered a loss the company would finance him for the following year. Thus, it can be seen that when Nutrena attached the December, 1957 application to the complaint as being the contract forming the basis of the suit, such application being for feed to be furnished in 1958, one could very easily be confused as to which year the alleged oral contract applied. On the other hand, the notes sued on were listed in an exhibit to the complaint and they are all dated during the 1957 growing season.

In the circumstances, we believe that the *March 5, 1957* contract should have been admitted in evidence,

The cause must therefore be reversed and upon a new trial the pleadings can be straightened out and the true issues resolved. *American National Ins. Co.* v. *Laird,* 228 Ark. 812, 311 S. W. 2d 313. Other issues are raised by direct and cross appeal, but they are not likely to appear in a new trial.

Reversed and remanded.