SECURITY INSURANCE CORPORATION OF HARTFORD d/b/a FIRE AND CASUALTY OF CONNECTICUT, et al. *v.* Johnny C. HENLEY

CA 85-493                                     720 S.W.2d 328

Court of Appeals of Arkansas
Division II
Opinion delivered December 10, 1986

*Davidson, Horne & Hollingsworth, A Professional Association,* for appellant.

*Armstrong & Binns,* for appellee.

DONALD L. CORBIN, Judge. Appellants, Security Insurance Corporation of Hartford d/b/a Fire and Casualty of Connecticut, and Reynolds Insurance Agency, Inc., appeal a jury verdict in the amount of $35,455.19 in favor of appellee, Johnny C. Henley. This lawsuit was tried on the basis of appellants' alleged

breach of an oral agreement to insure appellee's Mack truck for physical damages and lost profits plus a statutory twelve percent penalty and attorney's fees. We reverse and remand.

In August of 1983, appellee Henley contacted the Frank/Watson Agency in Dumas, Arkansas, to obtain insurance for a Mack truck. The Frank/Watson Agency placed a request for coverage on the truck through appellant Reynolds Insurance Agency, Inc., a licensed agent for appellant Security Insurance Corporation of Hartford, and later forwarded a written application which contained a signature that appellee admitted looked like his signature. At this time there was an existing policy with appellant Security Insurance Corporation of Hartford which covered an International truck owned by appellee and used in his hauling business. On August 11, 1983, the Mack truck was damaged in a single vehicle accident. The damage was evaluated by Crawford and Company, an appraiser appointed by appellant Security Insurance Corporation of Hartford. Appellant Security Insurance Corporation of Hartford's check was subsequently issued to appellee for the physical damage to the Mack truck but the check was never negotiated by appellee. After appellee claimed to have discovered additional physical damage to the Mack truck, and upon obtaining an appraisal, appellant Security Insurance Corporation of Hartford offered to pay the appraised amount of the damage but would not pay the claim for lost profits. Appellee declined the offer and this lawsuit was instituted.

Appellants contend that appellee produced no proof of authority to bind appellants to an alleged oral contract to insure for loss of use, and the trial court erred in its refusal to direct a verdict for appellants. Pursuant to ARCP Rule 50(a), appellants moved for a directed verdict at the close of appellee's evidence as well as at the close of all of the evidence, which motions the trial court denied.

Appellee testified that he went to the Frank/Watson Agency to obtain insurance on his Mack truck. He stated he dealt with Millie Rhodes Corker, an employee of the Frank/Watson Agency. He informed Ms. Corker that he wanted $500,000 worth of liability. He was asked about the value of his truck which he stated was $13,500, and testified that he told Ms. Corker he wanted to be insured for everything, including down time. He

wrote a check for $350 for the down payment. He also testified that he was never told by a company representative nor led to believe that he was not protected for down time.

Millie Rhodes Corker of the Frank/Watson Agency testified that she knew appellee and recalled his coming in and requesting coverage on an additional truck. She stated that she supplied John Reynolds of Reynolds Insurance Agency, Inc., in Little Rock with the information provided by appellee. Ms. Corker identified a document entitled "Truck Application" dated August 8, 1983. She stated that she made sure when appellee signed the application that she had applied for all of the coverage appellee desired. She testified that she did not recall that appellee asked her to get coverage for loss of use on the Mack truck.

John Reynolds of Reynolds Insurance Agency, Inc., testified that he was an insurance agent and had been in the insurance business for approximately thirty years. He noted that most of his business consisted of truck insurance. He was the general agent for appellant Security Insurance Corporation of Hartford and was the agent through whom the Frank/Watson Agency acquired insurance for appellee. He reviewed the policy covering appellee's International truck and stated that there was not a loss of use provision in the policy. Reynolds noted that if Ms. Corker of the Frank/Watson Agency had been told that appellee wanted the down time coverage or loss of use coverage and had indicated to him that it was desired, it should have appeared on the application. The coverage, however, was not requested on the application and appellee did not deny that it was signed by him.

Reynolds also testified that he had been contacted by the Frank/Watson Agency with a request to add a Mack truck to appellee's policy. He received the premium and notified appellant Security Insurance Corporation of Hartford. Reynolds stated that when he called the request in to appellant Security Insurance Corporation of Hartford, the Mack truck was immediately covered. He explained that the coverage on appellee's Mack truck was based upon the application inasmuch as the truck was wrecked within hours of his binding the coverage, noting that it was not necessary to add a written endorsement in order to afford coverage. Reynolds testified that if the Frank/Watson Agency told appellee he had loss of use coverage, such a statement could

not have bound appellant Security Insurance Corporation of Hartford. He explained that there was no such thing as loss of use coverage on that type of policy. Reynolds stated that the Frank/Watson Agency was not an agent of the insurance company with binding authority, but rather appellee's agent.

Certified copies of the agent record cards from the Arkansas Insurance Department were received into evidence which contained the names of the insurers for which the Frank/Watson Agency was licensed to act as agent. The cards established that it held no appointments as agent for either of the appellants.

David R. Newbert, the Midwest Division Claims Manager for appellant Security Insurance Corporation of Hartford, testified that he had never heard of the company's writing loss of use coverage for a vehicle.

The trial court has a duty, when requested to grant a motion for directed verdict, to consider whether the evidence against whom the motion is made, when given its strongest probative force, presents a *prima facie* case; however, if the evidence viewed in that light would require the setting aside of a jury verdict for the party against whom the motion is made, it is error to refuse to grant the motion for directed verdict. *See Henley's Wholesale Meats, Inc.* v. *Walt Bennett Ford, Inc.*, 4 Ark. App. 362, 631 S.W.2d 316 (1982).

It is well settled law that the insured or beneficiary of an insurance policy has the burden of proving coverage. *Snow* v. *Travelers Insurance Co.*, 12 Ark. App. 240, 674 S.W.2d 943 (1984). Arkansas is one of the states that makes the distinction between the authority of general agents and special agents of insurance companies. A general agent is one who has authority to transact all business of the company of a particular kind and whose powers are *prima facie* coextensive to the business entrusted to his care. *Commercial Standard Insurance Co.* v. *Moore*, 237 Ark. 845, 376 S.W.2d 675 (1964). On the other hand, our courts have consistently and repeatedly held that a soliciting agent does not have authority to make contracts on behalf of the insurer. *American National Insurance Co.* v. *Laird*, 228 Ark. 812, 311 S.W.2d 313 (1958). Notice to a soliciting agent is not notice to the company. A soliciting agent has no authority to waive any of the policy requirements, nor can his knowledge be

imputed to the company he represents. *Continental Insurance Companies* v. *Stanley*, 263 Ark. 638, 569 S.W.2d 653 (1978). The burden is on the plaintiff to prove that such an agent has real or apparent authority to bind his principal by contract. *American National Insurance Co.* v. *Laird, supra.* Arkansas follows the general rule that terms of an oral agreement to insure will be enforced if made by a general agent, or on behalf of the company by one acting within the scope of his actual or apparent authority. *National Automobile Insurance Co.* v. *Dalton*, 214 Ark. 120, 214 S.W.2d 507 (1948).

■ In the case at bar we do not think there is any substantial evidence from which the jury could find that Ms. Corker or the Frank/Watson Agency was clothed with any authority beyond that ordinarily exercised by a soliciting agent. Appellee's contention that the Frank/Watson Agency acted as a general agent by collecting his premium is without merit inasmuch as the collection of premiums is one of a soliciting agent's ordinary duties. *American National Insurance Co.* v. *Laird, supra.* Appellee also argues that the conduct of appellants was of a character that justified the reasonable belief on his part that the Frank/Watson Agency was a general agent. In this respect, he relies upon the fact that he had previously secured coverage on his International truck through the Frank/Watson Agency and that the insurance company actually recognized coverage on the Mack truck by issuing its check to pay the physical damage on that truck. However, we do not find any substantial evidence to support a finding by the jury that either the Reynolds Insurance Agency or Security Insurance Corporation of Hartford ever agreed to insure the Mack truck for loss of use. In fact, appellants adduced evidence establishing that the company did not write insurance for loss of use coverage. Accordingly, since there is no substantial evidence that the Frank/Watson Agency was a general agent and no substantial evidence that either of the appellants agreed to insure the Mack truck for loss of use, the trial court erred in its refusal to direct a verdict against appellee on that issue. In view of our disposition of this issue, we do not find it necessary to address appellants' arguments that (1) appellee failed to prove the essential terms of an alleged oral contract; and (2) appellee's evidence of lost profits was entirely speculative.

■ Since we must remand this case for another trial to

determine the extent of physical damages to the Mack truck, we will address an evidentiary issue raised by appellants which is likely to arise on retrial. Appellants argue that the trial court erred in admitting appellee's invoices and repair estimates into evidence to establish the amount of physical damage. An invoice and two repair estimates were admitted over appellants' objection on the basis that they constituted inadmissible hearsay, that appellee had failed to establish a proper foundation and the evidence was irrelevant. These exhibits were introduced through the testimony of appellee, not by the persons who prepared or issued them. Appellants contend these exhibits constitute inadmissible hearsay and rely upon the supreme court's holding in *Home Mutual Fire Insurance Co.* v. *Hagar*, 242 Ark. 693, 415 S.W.2d 65 (1967). The court there held that an estimate of repairs offered by the plaintiff as proof of his damages was inadmissible hearsay in the absence of the testimony of the author. We agree with appellants' argument and hold that the admission of these exhibits was prejudicial and constitutes reversible error. *See Wallin* v. *Insurance Co. of North America*, 268 Ark. 847, 596 S.W.2d 716 (Ark. App. 1980).

Finally, appellants argue that the trial court erred in assessing a statutory twelve percent penalty and attorney's fee and that the attorney's fee awarded was excessive. It is well settled in Arkansas that in order for an insured to be entitled to a twelve percent penalty and attorney's fees pursuant to Ark. Stat. Ann. § 66-3238 (Repl. 1980), the plaintiff must recover the exact amount claimed. *Cato* v. *Arkansas Municipal League Municipal Health Benefit Fund*, 285 Ark. 419, 688 S.W.2d 720 (1985). In the instant case, the record reflects that appellee prayed for an award of $15,573.54 in compensatory damages and $47,200 for lost work time in his complaint. In view of our holding that appellee cannot recover for loss of use, the statutory twelve percent penalty and the trial court's allowance of attorney's fees must be reversed also. Of course, we do not know what amount appellee may seek to recover in a new trial, but if he seeks an amount that is contested and recovers the amount sought, the penalty and attorney's fees should be allowed. This is true inasmuch as the trial court may permit amendments to the pleadings for the second trial. *See American National Insurance Co.* v. *Laird, supra; Stucker* v. *Hartford Accident & Indemnity*

*Co.*, 222 Ark. 268, 258 S.W.2d 544 (1953).

Reversed and remanded.

CRACRAFT, C.J., and MAYFIELD, J., agree.